By the Corner. Hoffman, J.
This is an appeal from an order made at the special term, declaring that the petitioners, George Gardiner and Joseph P. Gardiner, had acquired a Hen for the payment of the judgment stated therein, upon the fund in the hands of the receiver, before his appointment; that such fund came into his hands subject to such Hen, and that the receiver satisfy such judgment with interest, out of the assets received, and to be received by him, before payment of any other claims.
In order to understand the grounds of the decision we have made of this case, it will only be necessary to state the following facts :—On the 22d of January, 1852, the petitioners, G. & J. P. Gardiner, named in the order, brought their action in the supreme court of this state, against the two plaintiffs in this suit, Walworth & Nason, with the defendant, Guild, comprising the firm of Walworth, Nason & Guild, and doing business in New York. A judgment appears to have been regularly ob *686 tained in that suit on the 21st of April, 1852. On the 2d of July, 1852, the plaintiffs instituted a creditors’ suit on that judgment, and an execution thereon returned unsatisfied for a residue. They procured the appointment of a receiver, on the 21st of September, 1852, and no further steps have been taken in that suit.
On the 22d of May, 1852, the present action was commenced. The plaintiffs are Walworth and Mason, residents of Massachusetts, with Hubbard and Willis, their assignees under the proceedings against them as insolvents, taken in that state; the effect of which, as stated in the complaint, has been to vest all the property of Walworth and Mason in them. The defendant, Guild, is the other partner of the firm of Walworth, Mason, and Guild.
The prayer of this complaint is for an account of the assets of the firm, their application to the debts of the firm without preference, an injunction and receiver, and payment to the plaintiffs, Hubbard and Willis, as assignees, of any amount which may appear due to them, as representing Walworth and Mason.
An injunction issued against the defendants the 29th of May, 1852, restraining him from intermeddling with the partnership property in the usual form; and on the 4th of Movember, 1852, a receiver was appointed, who took possession.
It should also be noticed that a certain amount was collected under the Gardiners’ execution, by the sheriff, and that the funds in the hands of the receiver in this action, have resulted chiefly from debts due to the firm; and such is the nature of the assets remaining under his control.
The Gardiners presented their petition to this court, setting forth the above facts, as well as others not now material to be stated, gave notice to the parties in the action, and the receiver; and upon that petition the order appealed from was made.
We do not intend to express an opinion upon the legal rights of the petitioners, on the facts as presented, further than to say, that they are plainly not so untenable as to justify a dismissal of the petition, and vacating the order on the merits. But we are of opinion that in the present state of the proceedings in this suit, and upon this petition, an order for declaring the *687 priority of the claim, and adjudging payment cannot he made.
Although the applicants have not proceeded in their suit upon the judgment, and obtained the usual order for payment, out of the funds collected by their receiver, yet they are entitled to institute a suit here to reach other equitable assets in other hands. (Greenwood v. Broadhead, 8 Barb. S. C. Rep. 596; see also Sale v. Lawson, 4 Sand. S. C. Rep. 718.) Supplemental, or further bills to reach other property, which could not be reached by a previous creditor’s bill, were of frequent occurrence.
Of course it should be made to appear that the claim was unsatisfied; and it might be that they could not get a decree for actual payment here, until the suit was closed in the supreme court. The completion of the proceedings in the supreme court, would, however, leave the petitioners exactly where they are now, as to the fund under the control of this court. An application must be made here.
If again, the present action had proceeded to a decree, directing accounts to be taken, and all creditors to be called in, in the usual form, the present mode of proceeding might be proper. This was the course pursued in the important case of Elliot v. The United Insurance Company (7 Gill’s Maryland Reports, 387), a case bearing much upon the question of right here presented, as well as that of form. A petition was there filed, after a decree, in a creditor’s suit against the corporation, was answered by the receiver, and the point raised thus settled.
The reason for allowing such proceeding after a decree was obvious. The cause is then no longer under the control of the parties; but what is of more importance, every creditor has an opportunity of being heard, to establish his own demand, and contest that of others. Those who appear are quasi parties to the suit, and must have notice of eveiy material proceeding.
But in the present case, even allowing that the receiver may be treated as representing the creditors, and even if, in strictness, a power resides in this court to make the order in this form, we should deem it inexpedient to do so.
The creditors, if'fully represented by him, should have the *688 receiver a formal party to a record; and called upon to set up' every justifiable defence to the claim, or to bring superior or equal rights of others before the court. This was done in Waring v. Robinson, referred to. The defendant, Miller, the receiver, was united with the partners in a bill to test the validity of a confession of judgment íñade after his appointment.
We have seen & similar course pursued in the Maryland case; although a petition was there justifiable.
In several cases in which the receivers of the Life and Fire Insurance Company were concerned, as representing the interests of creditors and stockholders, bills were filed against them.
In one case; Conducted by the late eminent counsel, Mr. P. A. Jay, commenced before their appointment, he filed a supplementary bill to bring them ins In no case while they were common law receivers, was any demand or claim affecting the property of the company, litigated, by petition, in the suit in which they were appointed. Bills were always brought; After 1830, they became receivers under the revised statutes, upon application of the attorney-general; and then the adjustment of claims was made under the statutory provisions.
The court of chancery does; indeed, sometimes pass upon rights in a summary way, by an examination pro inter esse suo ; but it will be found that in general this is allowed only to settle a right of possession, such as where a mortgage is interfered with by the possession of the receiver, very frequently an ejectment is ordered to be brought or defended (Smith on Receivers).
It is urged by the counsel of the applicants, and there is force in the argument, that they should riot be left for the assertion of their rights, to the Contingency of a decree beirig had in this suit, over which they hake not the slightest control, and which may be abandoned by the parties, or even the plaintiff, at his will. That the dismissal of the suit would regularly supersede the receiver, and the funds would go among the parties to the record.
We can so far take notice of the petitioners’ intervention in this cause, and their rights, as to protect them from this result. The cases of Langan v. Bowen, 1 Sch. & Lefroy, 295; White *689 v. Lord Westmeath, 2 Molloy, 128, and Beatty Rep. 180; and Murrough v. French, 2 Molloy, 497, afford authority enough for restricting a receiver from paying out the funds without the priority of the claimant.
In the above cited cases orders to such an effect were made upon terms of the parties filing bills immediately.
We are of opinion, that the order of the 28th day of October, 1853, made at special term, must be vacated. And that an order be entered, directing the receiver appointed in this cause, not to pay out any moneys in his hands, without notice to the attorney of the petitioners, George Gardiner and Joseph P. Gardiner ; that such petitioners have liberty to institute such action against the receiver in this cause as they may be advised, making such other persons parties as they shall see fit; and that neither party he allowed costs as against the other, for the petition, or the proceedings thereupon, or upon this appeal.