## SUPREME COURT.

No. 1. ANONYMOUS agt. ANONYMOUS and others.

No. 2. ANONYMOUSLY agt. ANONYMOUS and others.

There is but one *supreme court* which acts and decides. Whether it acts through the *special term* or the *general term*, its powers are the same. None of the ancient powers of the *general term* are taken from it; and it can therefore make an *original* order in any matter (as for retaxation of costs) in which it might formerly have made such order. The Code specifies the manner in which *appeals* shall be brought before the general term, but does not attempt to limit its powers.

[*It would seem that these causes, in their rise and progress, were intended as a* VALEDICTORY *to the late chancery system, especially in reference to the subject of* COSTS.]

THIS was a motion to confirm two several reports oı a referee, to whom it was referred to retax the costs in the above actions, bearing date respectively Oct. 29, 1852, and Jan. 21, 1854.

The history of the proceedings in these actions, as appears from the papers, are substantially as follows:—

Each of said suits was commenced for the partition among the grand-children and devisees (of whom there were sixty-eight) of R—— A——, deceased, of certain real estate in the city of New-York, vested in them upon the death of S—— A——, who had a life estate in the property;—said R—— A—— having, by his will, given to his children a life estate in his property, with remainder in fee to his grand-children; and said S—— A——, a son of the said R—— A——, having died intestate, without leaving any child.

S—— A—— died on Sunday the 13th June, 1847; and on the next morning, (Monday,) the 14th June, 1847, each of the above suits was commenced by the filing of a bill of complaint in each respectively, in the office of the clerk of the first judicial district, (formerly circuit,) and the issuing of subpœna therein. The bill in No. 1, was filed by A—— B——,

solicitor, at about 9 o'clock, A. M.; and in No. 2, by C——
D——, solicitor, at about 11 o'clock A. M., of the last men-
tioned day : both embracing the same parties, and for precisely
the same purpose.    It was alleged that, at the time of filing the
last bill, the person who filed it on behalf of the solicitor was
informed of the filing of the first bill.

The property sought to be partitioned by these suits con-
sisted of two ordinary sized city lots, with a dwelling-house on
each ; and was sold, under a decree in the suits, in Aug., 1848,
for $8,110.   The aggregate amount of the costs of the solicit-
ors for the plaintiffs and defendants in said suits, as taxed,
amounted to the sum of $5,573.05, not including the sheriff's
fees ; which costs were paid over to the respective solicitors,
and guardians *ad litem*.

One of the devisees, and a party defendant, made an affidavit
in November, 1849, showing the foregoing facts, and giving a
list of the respective solicitors, and guardians *ad litem*, who ap-
peared in said suits, with the names of the respective parties
for whom they so appeared, and the several sums at which
their respective bills of costs were taxed.   And alleged that
he had recently employed E—— F——, Esq., on behalf of
himself and some of the infants, and other defendants, for the
purpose of investigating the proceedings in the suits, and of
obtaining some redress for the imposition which he believed
had been practiced upon the parties in the accumulation of
costs therein, and in the taxation thereof at such an enormous
amount.

That he was informed and believed that several of the so-
licitors (naming them) who appeared for divers of said parties,
defendants in said suits, were, at the time of the proceedings
therein, clerks or inmates of the office of said C—— D——,
solicitor in No. 2.   That in No. 1, an appearance was entered
for deponent by a solicitor with whom he was altogether un-
acquainted ; and in No. 2, an appearance was entered for him
by another solicitor, and that in neither case was such appear-
ance authorized.   That the suits were suffered to proceed
together till answers put in, or order *pro confesso* entered as to

the respective defendants therein, when, on January 25th, 1848, an order was entered to consolidate said suits, and the usual order of reference in partition suits was entered therein.

That deponent had good reason to believe that said suits were so suffered to proceed together by collusion between the solicitors of the respective plaintiffs, and that he had been informed and believed that many of the bills of costs taxed in said suits—and more particularly the bills of the solicitors for the respective plaintiffs therein, contained various incorrect charges, not properly taxable in said suits, and that the same appear to have been taxed without opposition. That the suits were the ordinary proceedings in partition, and there was no dispute or litigation in relation to the rights of any of the parties thereto—no replications were filed to any of the answers put in.

Upon this affidavit an order of the court at *general term* was made on the 22d of November, 1849, requiring the respective attorneys or solicitors for the several parties, plaintiffs and defendants, in said suits, to show cause at that term, on the 30th Nov., why the said several bills of costs should not be retaxed.

On the first day of December, 1849, the general term, after hearing counsel on both sides, made an order that the several bills of costs be retaxed before one of the justices of the court (naming him) on the 3d December, 1849 ; and that whatever sums might be deducted or struck off from said bills, be paid back by the solicitor or attorney from whose bill such deduction should be made, into the hands of the referee in the suits, to be by him distributed under the provisions of the decree in said suits. The retaxation was ordered, by the justice to whom it was referred, to stand over to 13th of Dec., 1849.

It appears that A—— B——, soliciter in No. 1, objected to the above order, made on the 1st Dec., on the ground that the *general term* had no power to make such an order; and appealed therefrom to the court of appeals—the latter court holding that the order was not appealable, and dismissed the appeal. That subsequent to the dismissal of this appeal, it was alleged by E—— F——, solicitor for the moving defendant,

that various and repeated orders were obtained by A—— B——, solicitor in No. 1, staying his proceedings, and seeking for relief against said order of Dec. 1, 1849; and after hearing and decision upon such orders at special term, an appeal would generally be taken to the general term—that in this manner his proceedings were delayed prior to the order to refer the taxation.

On the 26th Feb., 1852, at a special term, upon reading and filing notice of retaxation and proof of service, an order was granted—no person appearing to oppose—that it be referred to a referee to retax the costs in said suits; and that A—— B—— and C—— D——, solicitors, appear before said referee for that purpose, on a notice of two days.

On the 29th Oct., 1852, the referee made his report, that he had been attended by the counsel of the respective parties, and, on the retaxation, he had stricken out from the bill of costs of the said C—— D——, solicitor in No. 2, previous to the consolidation of said actions, items amounting in the aggregate to $105.53; and had taxed the said costs on such retaxation at the sum of $621.22. That he had stricken out from the bill of costs of the said C—— D——, subsequent to the consolidation of said suits, items amounting in the aggregate to the sum of $117.18; and had taxed the said costs, on such retaxation, at $543.40. That he had stricken out from the bill of costs of the said A—— B——, solicitor in No. 1, previous to consolidation, items amounting in the aggregate to the sum of $270.13; and had taxed said costs, on such retaxation, at the sum of $555.09. That he had stricken out of the bill of costs of the latter solicitor, after consolidation, items amounting in the aggregate to the sum of $141.40; and had taxed said costs, on such retaxation, at the sum of $204.58. That upon proceeding to retax the latter bill of costs, it was objected and insisted on the part of the moving defendant, that it should be stricken out and disallowed altogether, on the ground that one bill of costs had already been retaxed for the solicitor for the plaintiff in No. 2; and that, by the terms of the order of consolidation, only one bill of costs could be taxed on behalf of the plaintiffs

·in both of said actions together, after the consolidation thereof. That, being of opinion that under the order of reference to re-tax said costs, he had no right to decide whether both of said solicitors should be allowed plaintiffs' costs subsequent to con-solidation, as if no consolidation had taken place; or whether only one, and which one of them, should be allowed such costs, he declined to pass upon the question, and submitted the same to the court. The retaxation of the items of said bill being suspended by consent of the respective counsel, until the court should have disposed of said questions.

On the 27th April, 1853, at special term, on filing the report of the referee, and on hearing counsel for the respective parties, an order was made substantially as follows:—A proposition having been made by C—— D——, solicitor in No. 2, to make an immediate settlement of the matter of retaxation of such costs, so far as related to all costs awarded to and taxed to him therein, and to the several solicitors for the several defendants, and guardians *ad litem*, in No. 2, by paying into the hands of E—— F——, Esq., solicitor for the moving defendant, the sum of $250, for the purpose of reimbursing said parties the costs and expenses paid and incurred by them in the prosecu-tion of such retaxation; and also by paying into the hands of the referee in said suits the amount deducted from the costs of the said C—— D——, on the aforesaid taxation before the referee appointed for that purpose, to be distributed by the said referee in the suits, in pursuance of the original order to retax the costs in said suits; and also, by allowing to said A——B——, solicitor in No. 1, his full costs as solicitor for plaintiff in No. 1, subsequent to the order of consolidation, subject to retaxation according to the ordinary practice, rules and princi-ples applicable to the taxation of costs; and said proposition having been accepted by said E—— F——, solicitor as afore-said, it was ordered that the said report of said referee (on re-taxation) be confirmed, so far as related to the costs of said C—— D——, solicitor in No. 2; and so far as related to the costs of the said A—— B——, solicitor in No. 1, prior to said order of consolidation, and as solicitor for the plaintiff in No. 1,

who was a defendant in No. 2; and that the costs of the said A—— B——, as solicitor for the plaintiff in No. 1, subsequent to said order of consolidation, be retaxed by the said referee, or one of the justices of this court, so that his costs be not affected by the settlement so made with said C—— D—— and others. And it was further ordered that, upon payment by the said C—— D—— of the said several amounts, as above proposed, that all proceedings to retax any of the bills of costs in said suits of C—— D——, and the said solicitors for the defendants in No. 2, be discontinued and terminated; and that the order of the 1st Dec., 1849, providing for the retaxation of the costs in said suits, be deemed satisfied, so far as related to the said solicitors last above named, and so far as was not inconsistent with the terms of this order; it being intended, however, that said order to retax the costs should remain in force as against the said A—— B——, and that his liability under the said order, or under any order or decree made in the course of the proceedings to retax said costs, should not be in any manner affected thereby, further than as before provided. And it was further ordered on the question submitted by said referee, that in the taxation of the costs of the said A—— B——, subsequent to the consolidation, he be allowed for all disbursements made by him, and properly taxable in the cause, and of all services actually rendered by him, and not rendered by C—— D——, if properly taxable; and if in any case services were rendered by him in said cause, and the same services were also rendered by said C—— D——, since the consolidation, and were properly taxable, the referee should determine, under all the circumstances of the case, whether either was entitled to the payment for the whole of such services, or for only part thereof; and if for part only, then how much should be paid to each, and allow said A—— B—— the part to which he might be entitled; but the part to which said C—— D—— would be entitled should be deemed satisfied by the compromise made as aforesaid; and in no case when the same services were rendered both by said A—— B—— and

said C—— D——, should any greater allowance be made to both than if there had been but one service in that matter.

On the 21st January, 1854, the referee made his second report; by which it appeared, that on the retaxation, in pursusuance of the last above mentioned order, he struck out from the bill of costs of said A—— B——, solicitor, subsequent to the consolidation, items amounting in the aggregate to the sum of $377.30, and had retaxed the said bill at the sum of $260.19. Upon this report, and the previous report made upon the taxation, and upon the orders and papers theretofore served in the matter of retaxation, the said E—— F—— gave notice that he should, at a special term to be held on the 25th March, 1854, move that the two reports of the referee upon retaxation be confirmed; and that an order be made thereupon requiring said A—— B—— to pay into the hands of the referee in the suits for partition, the amount deducted from said A—— B——'s costs in said causes, as specified in said reports. Q——

    E—— F——, *for motion.*

    A—— B——, *opposed.*

MITCHELL, Justice. S—— A—— had a life estate in certain lands in this city, which, on his decease, were to pass to his father's grand-children, pursuant to his father's will. He died on Sunday, June 13, 1847. There were sixty-eight grand-children surviving him. These two complainants, and their respective solicitors, were in such hot haste for a partition of the property, and of such advantages as might accrue to the party who might be the first to commence an action; that the one filed his bill for partition at 9 o'clock the next morning, and soon after served a subpœna to appear and answer on one of the defendants; the other complainant filed his bill at 11 o'clock on the same morning, and soon after served a subpœna. The property was sold for something over $8,000; and of this sum something like $6,800 were consumed in costs. It is not surprising, therefore, that when the guardian of one of the infant defendants brought this matter before the court at general

term, the court ordered a retaxation of the costs; and that any excess should be refunded by the respective solicitors. An appeal was taken from that order, and dismissed by the court of appeals. The solicitors then appeared before the taxing officer, and after a long investigation, and great delays, not attributable to that officer, he has completed his report, showing how much should be refunded by the solicitor for one of the complainants; the solicitor for the other complainant having prudently arranged the matter so far as he was concerned. The solicitor for the guardian now moves, on the report of the taxing officer, and a mass of previous orders and affidavits, for an order, that the solicitor who, according to the report, has been overpaid, should refund the excess.

It might be expected that the opposition to the motion would be founded on some supposed error of the taxing officer. No such thing is intimated; but it is insisted that the original order of the court is irregular for various reasons;—the principal one is, that the general term can only make an order on an appeal. That point has been repeatedly before this court, and it has always been held that there is but one supreme court; and that it is the supreme court which acts and decides, whether it acts through the special term or the general term. None of the ancient powers of the general term are taken from it; and it can therefore make an original order in any matter in which it might formerly have made such order.

The Code specifies the manner in which appeals shall be brought before the general term, but does not attempt to limit its powers. That branch of the court very properly refuses to act in most cases in which the special term can act; but that is not from any doubt of its power to act, but as a matter of expediency, and for the sake of the dispatch of business.

The other objections, if originally valid, are of such a nature that they must be deemed waived by proceeding under the order, and by the omission of any motion for some years, to set aside that order.

The motion must be granted, with costs.