In the Matter of the Commissioners of the Central Park.

New trial granted.

---

In the Matter of the Commissioners of the Central Park, for and in behalf of the Mayor, Aldermen and Commonalty of the City of New York, &c.

(General Term, First Department, November, 1871.)

An appeal lies to the General Term from a Special Term order, confirming the report of commissioners of estimate and assessment for land taken for public parks in New York city, and although the act of 1813 (chap. 86, § 178) makes the report, when confirmed by the Supreme Court, final and conclusive.

It seems an appeal lies also from the decision of the General Term in such case to the Court of Appeals.

And (per Ingraham, P. J.), the power of confirmation being placed generally by the act of 1813 in the Supreme Court, if the order of Special Term is reviewed by the General Term, the proceeding is still before the Supreme Court, until finally disposed of by it.

The power to estimate the loss and damage is given, by the act of 1813, to the commissioners solely; the court may refer the report back to the commissioners, with directions to allow for land omitted by them, but directions to allow for land according to estimates made by the court are erroneous.

This was an appeal from an order of Special Term, confirming a report of commissioners of estimate and assessment for lands taken for certain new avenues, roads, public squares and places, as laid out by the commissioners of the Central park in the city of New York.

The commissioners of estimate and assessment were appointed upon the petition of the Central park commissioners to the

Supreme Court, which set forth that the petition was made by them, pursuant to the act of the legislature entitled, "An act relative to the powers and duties of the commissioners of the Central park," passed April 4, 1866, and of that of April 24, 1867, entitled, "An act to alter the map or plan of certain portions of the city of New York, and for the laying out and improvement of the same," for and in behalf of the mayor, &c. ; that they deemed it expedient for the public interest, &c., to open certain new avenues, &c., as laid out by them, the commissioners of the Central park, under and by virtue of the act entitled, "An act relative to improvements touching the laying out of streets and roads in the city of New York, and for other purposes," passed April 3, 1807, by taking for such purpose all such lands and premises, &c., describing the same ; and had ordered such new avenues, roads, public squares, or places, as laid out by the Central park commissioners, in New York city, to be opened, and such lands and premises to be taken for such purposes, and prayed the court, in pursuance of the act entitled, "An act to reduce several laws relating particularly to the city of New York into one act," passed April 9, 1813, and the act amending the same, passed April 20, 1839, and the acts of April 4, 1866, and April 24, 1867, before mentioned, and also such other acts as related to the opening, extending, enlarging or improving any street, &c., to nominate and appoint three discreet and disinterested persons commissioners of estimate and assessment, for the purpose of performing the duties relative to the premises as required by law.    The petition also set forth the publication of notices, as required by law, advertisement, &c., &c., and prayed that the commissioners might be required to report to this court, and that maps and surveys might be made, for the use of the commissioners, &c.

The commissioners of estimate and assessment, in due season, made report to the court, at Special Term, and, on motion for confirmation, the same was referred back to them for correction and revision respecting their awards in respect to the property of certain individuals named, who appeared by coun-

sel on the motion in their behalf.   The nature of these direc-
tions appears in the opinion of INGRAHAM, P. J.

A second report was then made by the commissioners,
awarding damages, as directed in the order last mentioned,
for value of the fee of certain portions of old Twelfth avenue
and Bloomingdale road, described within the boundaries of
the lands designated in the original report, and also awarding
an increased award to certain owners of lands taken, as they
were directed in the order to do.

From the order confirming the reports of the commissioners
appeals were taken by various persons interested.

*J. E. Develin*, for Manhattan College.

*L. L. Delafield*, for John S. Sutphen.

*Theron R. Strong*, for New York Central and Hudson
River Railroad Company.

*Richard O' Gorman*, corporation counsel, for the mayor, &c.

Present — INGRAHAM, P. J., and CARDOZO, J.

INGRAHAM, P. J.   This is an appeal from the order of the
Special Term, confirming the report of the commissioners of
estimate and assessment.   An objection is taken, that such a
proceeding, when confirmed by a Special Term, is final, and
that no appeal would lie to the General Term.   There have
been such decisions made by former General Terms.

In *The Bowery Extension Case* (2 Abb., 369), it was held
that an appeal would not lie to the General Term, although
the judge admitted the language of the act of 1854 to be
broad enough to cover this case as a special proceeding,
because the statute made the order of confirmation final and
conclusive.

So, in *The Mayor* v. *Erben* (38 N. Y., 311), the Court of
Appeals hold that the jurisdiction is confined to the Supreme

Court, and the decision is not reviewable in the Court of Appeals. The judge adds, that " it is subject to an appeal to the Special Term of the Supreme Court, and no other judge, jury, court or referee has the slightest authority to examine into the matter." It is proper here to remark, that, when the act under which the proceedings were taken was passed, there was no Special Term of the Supreme Court, and that the act (2 R. L. (1813), p. 411) directs the report to be made to the Supreme Court. Nothing is said in it of the Special Term, nor is there anything in the statute which contemplates any other action except of a full court.

In *The Matter of Canal and Walker Streets* (12 N. Y., 411), the Court of Appeals held that the appellants, having been heard before the Special and General Terms of the Supreme Court, were within the provisions of the act of 1854 in regard to special proceedings, and were entitled to a hearing in the Court of Appeals, were it not for the provision which made the decision of the Supreme Court final.

In *The Matter of Sixty-fifth Street* (23 How., 256), it was held that an appeal from taxation of costs could not be taken after confirmation.

In *The Matter of Seventy-sixth Street* (12 Abb., 317), the same decision was referred to at Special Term. In that case, however, the right to appeal was only doubted because of the previous decisions; and it was added, that the decision in the *Bowery Case* was conclusive on a Special Term until that decision should be reviewed at General Term. The act of 1854 was undoubtedly broad enough to include these proceedings, and this was conceded in 12 N. Y., 411.

But, whatever view may have been taken of these proceedings heretofore, the late decision of the Court of Appeals in *The Rensselaer and Saratoga Railroad Company* v. *Davis* (43 N. Y., 137), has a strong bearing upon the question of appealability of this order of confirmation.

The general railroad act (Laws of 1850, chap. 140) provided for taking lands for a railroad on similar proceedings, to be submitted to the Supreme Court, and, after a second review

in that court, makes the decision of the court final and con-
clusive between the parties.   This act was passed before the
act of 1854, providing for a review of special proceedings.

In 1 Kernan, 276, the Court of Appeals held that such pro-
ceedings were final in the Supreme Court, and an appeal
would not lie to the Court of Appeals.   But in the case of the
*Rensselaer and Saratoga R. R. Co.* v. *Davis* (*supra*), that court
has lately decided that such an appeal will lie.   The court
say the order appointing commissioners is a special proceed-
ing, from which an appeal to the General Term lies under
chapter 270 of the Laws of 1854, and is a final order affecting a
substantial right made in a special proceeding, &c.   I cannot
but conclude that the Court of Appeals intend to hold such
proceedings to be appealable under the act of 1854.

But whether the same is, or is not appealable to the Court
of Appeals, it seems to me that the Supreme Court in Gene-
ral Term has the inherent right to review any proceedings in
the court where the power is placed generally in the Supreme
Court, and is not by statute confined to the Special Term.
If reviewed by the General Term it is still the act of the
Supreme Court; and until finally disposed of the proceeding
is before the Supreme Court, and within the provisions of the
statute, which makes the decision of the Supreme Court final.

I am of the opinion, therefore, that the cases holding that
an appeal does not lie to the Supreme Court in General Term
should be overruled and the appeal sustained.

Where an amount of property exceeding $5,000,000 is
taken from the owners on a valuation made by commission-
ers, it seems hard to deny the right to review the legal ques-
tions which arise on the decision of a single justice, unless
expressly forbidden.

There are various objections made to this report.   It is
unnecessary to notice any except that made to the order refer-
ring it back to the commissioners to correct their report in
regard to the streets which had been closed.   The first report
was erroneous in not allowing the value of such streets.   In
the order referring it back, the value was estimated by the

court, and the commissioners were ordered to revise and correct their report by allowing the amounts mentioned in the order, and to file their corrected report at a day mentioned therein.

The order for referring the report back for revision and correction was proper, and such order might be repeated so long as the referees erred in the rules by which they were governed. The power to estimate the loss and damage is given by the act of 1813 to the commissioners solely; and when the report is sent back for revisal and correction, it is to the commissioners for revisal and correction; and any new report may be referred back to them as often as right and justice shall require, until a report shall be made, which the court shall confirm. No authority is given to the court to make such estimate of damage. If any such power existed in the court, there would be no need of referring it back to the commissioners, but the court could at once direct such allowances to be made.

Besides, the commissioners have not made any proper report on such order referring it back to them.

In their report they say the act is not the result of their deliberation or judgment; that they make the report in obedience to the order of the court. Such a report should not have been received from them.

When the case is sent back to the commissioners, they should be governed by the law laid down by the court; and it was not becoming in the commissioners to say, they believed they had adopted the proper rule in the first instance in opposition to the opinion expressed by the court. The court held their first report erroneous; and they should have corrected it on the principles laid down by the court. But the fixing the valuation of the land was within the peculiar province of the commissioners. It may be doubted whether in ordinary cases the court should interfere as to the actual valuation, unless it appears some legal principle has been violated.

For these reasons we think the order appealed from must be set aside. It is to be regretted that a new report cannot

at once be made by the present commissioners; but as two of them are away and cannot act in the matter, it will be necessary to send the case to new commissioners These will be named on settlement of the order.

CARDOZO, J. I concur that the order is appealable. As bearing on that question the case of *King* v. *The Mayor* (36 N. Y., 190), may be added to the authorities referred to by Judge INGRAHAM.

I also agree that the court had not the power to direct the commissioners to estimate the damage at a sum which the judge fixed, instead of leaving it to the commissioners; and that for that reason the order should be reversed and the matter take the course suggested by Judge INGRAHAM.