By the Court.—Speir, J.
From the oral evidence in the case, it appears that the parties substantially agree in the construction they put on the memorandum. It is admitted that .the defendant did not pay this assessment, but he claims that he paid an assessment of two thousand one hundred and ninety dollars confirmed August, 1872, after he had taken the title.
The referee admits that “strictly it was money due the plaintiff by the defendant, but retained by consent to discharge "this liability,” and he adds “that the agreement for the application of the sum of one thousand six. hundred and seventy dollars, made between the parties for a good and valuable consideration, was not discharged by the reversal of the order confirming the assessment, when followed by the imposition of a larger sum which has been paid.”
The case is simply this. The defendant received the plaintiff’s money to pay off and dischárge a lien on the premises she was about to convey to him. He does not pay it, as there is no such lien. I know of no principle, either in law or equity, which justifies the de *69 fendant in retaining this money, because he had paid it out in removing a lien of a larger amount on the same premises belonging to him, and which lien had been imposed a year or more after he took a conveyance of it. There is no consideration for detaining this money.
The defendant received the money in question as security for himself against loss which might occur to him, by reason of a debt of the plaintiff being enforced as a lien against the property about being transferred to him by the plaintiff. The case is the ordinary one of taking money to pay a lien for taxes or judgment which should appear in the record against the property of the seller, on the understanding or implied promise in law to return it. to the seller in case there was no such lien, and the money had not been paid.
The general term set aside and vacated the order purporting to confirm the assessment. The lien is only created by the order confirming the report of the commissioners (Act of April 20, 1839, Laws of 1858, ch. 338, p. 574; Matter of opening Seventeenth-street, 1 Wend. 262). This lien was extinguished by the action of the general term of the court, whether for mistake of law or mistake of fact in the proceedings, is not material. It is simply the extinguishment of the lien which gives the plaintiff the right to recover. The defendant never paid the assessment and he cannot pay'it.
If it be admitted that this sum was allowed to defendant from the purchase money—if it was' a deduction from the purchase money—if he received it in settlement of the alleged lien, I am of opinion that the money was paid in mistalce of fact; that there never was a lien for this sum of one thousand six hundred and seventy dollars, or any other sum, for opening Riverside Park prior to August 22, 1872. The orders of July 11 and 21,1871, did not confirm the assessment.
There can be but one order of confirmation. In *70 these proceedings a conrt acts only in the sphere of a limited jurisdiction (Rev. Laws of 1813, § 178). “ On
coming in of said report signed by the commissioners or any two of them, the said court shall, by rule or order, after hearing any matter which may be alleged against the same, either confirm the said report or refer the same to the same commissioners for revisal and correction, or to new commissioners to be appointed by the said court to consider the subject matter thereof, and the said commissioners to whom the said report shall be so referred shall return the same corrected and revised as a new report, to be made by them in the premises to the said court, without unnecessary delay, and the same, upon being so returned, shall be confirmed or again referred by the said court in the manner aforesaid, as right and justice shall require, and so from time to time until a report shall be made or returned in the premises which the said court shall confirm, and such report, when so confirmed by the said court, shall be final and conclusive.”
The language is in the alternative,—the court shall either confirm, or refer back to the commissioners, for revisal—one or the other- -it cannot do both, and cannot confirm a report by piecemeal. The order of July 11 was referred back to the commissioners for revisal and correction, by increasing the amounts of awards to the parties who were entitled, by naming such persons and giving the several amounts which the commissioners should allow to each. The order of July 21 takes this view, treating the former order as an order to refer back, and not an order of confirmation.
The statute above recited clearly limits the jurisdiction of the court, and if it actually send the report back it has no authority to confirm. The order, therefore, is irregular, and absolutely void, and the order of July 21, founded uppn the proceedings, is of no effect. The supplemental report is not the commissioners’ re *71 port, but Judge Barnard’s, and the commissioners intimate as much in their report. The court cannot correct errors, but must refer back to the commissioners, who alone have authority to revise (Rev. Laws of 1813, § 178; Laws of 1839, § 210; Id. 1862, p. 966 ; Riverside Park Case, 4 Lans. 467). The court can laydown principles for the guidance of the commissioners, but cannot make corrections directly (Morning Side Park Case, 10 Abb. Pr. N. S. 338, Brady, J.). The report is signed by only two of the commissioners in violation of article 1, section 7, of the constitution.
“When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the State, shall be ascertained by a jury”, or by not less than three commissioners appointed by a court, of record, as shall be prescribed by Jaw.” •
It follows that’there never was a lien on the premises for one thousand six hundred and seventy dollars. If the parties supposed there was, it was a mistake of fact. The defendant has obtained the plaintiff’s money without consideration, not as a gift, but under a mistake (Gardner v. Mayor, &c. of Troy. 26 Barb. 423 ; Martin v. McCormick, 4 Seld. 331; Hitchcock v. Giddings, 4 Price, 135 ; Fleetwood v. City of New York, 2 Sandf. 475).
In either view of this case I am unable to sustain the decision of the learned referee. The judgment appealed from should be reversed, the order of reference vacated, and a new trial granted, with costs to abide the event.
Freedman and Curtis, JJ., concurred.