In 1878 the plaintiff recovered a judgment against the defendant for upwards of $7,000. An execution was issued upon that judgment and returned unsatisfied. Thereafter an action was commenced (under 2 R.S. 463, §§ 36 and 37) to sequestrate the stock and property, things in action and effects of the defendant, and for the appointment of a receiver; and a receiver was appointed on the 3d day of January, 1879. The assets of the corporation consisted mainly of its road and rolling stock. The amount of its capital was $801,400, divided into common and preferred stock, as follows: $301,400 par *Page 113 
value preferred stock and $500,000 par value common stock, and there was a mortgage upon the road and its franchises to secure bonds of the par value of $261,400. The receiver, after his appointment, took possession of the road and continued to operate it, and was able to pay, as I infer from the papers submitted to us, simply the operating expenses. The road had been unable to pay the interest upon its bonds, or to earn any money out of which to pay dividends to its stockholders of either class. In April, 1881, George F. Comstock and others, the appellants upon this appeal, owned $209,980 par value of the common stock and $7,230 par value of the preferred stock, and the respondents upon this appeal owned or represented $250,490 par value of the preferred stock and $254,730 par value of the common stock, and they held a large amount of overdue interest coupons upon the bonds of the company. At a term of the Supreme Court held at Herkimer on the 14th day of April, 1881, upon the motion of the present appellants, notice of which was not given to any of the respondents, an order was made directing the receiver to proceed and sell the railroad property and franchises of the corporation. In May thereafter a motion was made by the respondents at the Special Term of the Supreme Court, held at Oswego, upon notice given to the appellants and to the receiver, for an order vacating the prior order for a sale, and that motion was denied. These respondents appealed from that order to the General Term, and there the order appealed from was affirmed, and a stay of proceedings under the order directing the sale was granted until the further order of the court, without prejudice to a new application to vacate the order of sale. From so much of the General Term order as granted the stay and stated that the affimance was without prejudice to a new application, the respondents in the Supreme Court appealed to this court, and upon the argument before us their counsel contended that that portion of the order is appealable to this court, as it affected a substantial right not resting in the discretion of the court. On the other hand, the respondents in this court contended that the order is not appealable, inasmuch as it rested *Page 114 
in the discretion of the Supreme Court, and we are of that opinion.
The receiver when appointed was an officer of the court appointing him, bound to obey its directions and subject in the general discharge of his duties to its control. It could direct and control him as to the time when and the place where and the manner in which the sale should be made, and as to the terms thereof. The Special Term at Herkimer, without hearing these respondents who owned or represented a majority of both the preferred and common stock, and who owned or represented a considerable portion of the indebtedness of the company, not upon the application of any creditor, but upon the application of a minority of the stockholders, made an order directing the sale. It is not disputed that it was perfectly competent for the court in the exercise of its discretion to make that order. In view of all the circumstances disclosed in the affidavits and papers submitted it might have refused the order, or might have postponed making it until all the parties could be brought in and heard in reference to it. It was perfectly competent for the subsequent Special Term held at Oswego to vacate or modify that order, and when the case came to the General Term upon appeal it possessed the same discretionary power which was possessed by the Special Term. In the exercise of its discretion, in view of all the facts disclosed to it, it could have reversed the order denying the motion to vacate, or modified the order directing the sale, and if it had done so its discretion would not have been reviewable by this court.
When the matter was pending before the General Term the present appellants did not have the absolute right that the railroad property should then without delay be sold by the receiver. In view of all the facts disclosed, that the appellants were a minority of the stockholders, representing no debts against the company; that there were no creditors asking for the sale of the property; that the stock, both common and preferred, was absolutely worthless as stock in a living existing corporation; in view of the business, financial and commercial conditions of the country, and the efforts that were being *Page 115 
made by the respondents and those represented by them to utilize this railroad by bringing it in to a system of railroads to be inaugurated by them, it cannot be said that there were no facts before the court upon which it could exercise its discretion in granting an order even absolutely vacating the order of sale.
As the General Term had thus the power in the exercise of its discretion to absolutely vacate the order of sale, or to modify it, it could attach any conditions it saw fit to the affirmance of the order appealed from, and hence could grant the stay and give leave to renew the application to vacate the order of sale.
It cannot be doubted that a Special Term upon motion could, at any time prior to the appeal to the General Term, have granted the same stay which was granted at the General Term. And it cannot be doubted that the Special Term, upon motion, could have given leave to these respondents to renew their motion to vacate the order of sale, and the General Term had the same power. The Supreme Court is one court exercising its jurisdiction through the Special Terms, the Circuits and the General Terms. And the General Term, except as limited by the laws, has all the power and all the general jurisdiction of the Supreme Court. (Folger
v. Fitzhugh, 41 N.Y. 228; Tracy v. Talmadge, 1 Abb. Pr. 460, 463; Gracie v. Freeland, 1 N.Y. 228, 233; Anonymous v.Anonymous, 10 How. Pr. 353; In the Matter of the Commissionersof Central Park, 61 Barb. 40, 47.) Our attention is called to no provision of law which prohibits the General Term from exercising the jurisdiction here complained of. In Gray v. The New YorkFloating Elevator Co. (Feb. 10, 1882), recently decided in this court — a common-law action — the plaintiff appealed from so much of the order of the General Term as stated that the affirmance was "without prejudice to a motion to be made on a case at Special Term for a new trial on the question of fact," and we dismissed the appeal on the ground that the General Term in the exercise of its discretion could thus qualify its order of affirmance. In Genet v. The President, etc., of the Del. Hudson *Page 116 Canal Co. (86 N.Y. [Mem.] 625), recently decided in this court — an equity action — the complaint was dismissed at the Special Term, and upon appeal to the General Term it was affirmed "without prejudice to any other action or proceeding which the plaintiff may be advised to institute." The defendant appealed to this court from the portion of the order which is quoted, and we again held that the General Term had jurisdiction thus to qualify its order of affirmance.
It matters not that these appellants made, in the papers submitted to us, a very strong case for the sale of the railroad and its property by the receiver. Their right to a sale was not denied. The sale was simply stayed until the further order of the court.
The order of sale and the subsequent order refusing to vacate the order of sale constitute no bar to a further application to vacate the order of sale. Such an application could have been made to the Special Term without the leave of the General Term, and that portion of the General Term order, stating that its affirmance was without prejudice to a new application, is absolutely of no effect in conferring any new power upon a judge sitting at Special Term of the same court. The principle of resadjudicata does not in such a case apply to prevent a new application to the Special Term.
There is much discussion in the briefs submitted to us upon the question whether the receivership was final and permanent, or merely temporary. We have not deemed the determination of this question of any importance at this time, as it has no bearing whatever upon the decision which we make.
Therefore, when the General Term had this matter before it, and after hearing the parties, it undoubtedly had the power to grant the stay and to reserve the right for a new application which is now complained of. In the exercise of this power it did not affect a substantial right of these appellants which did not rest in its discretion. The exercise of its discretion in the matter could be based upon facts appearing in the record now before us, or upon facts otherwise within its knowledge or brought to its attention upon the argument. *Page 117 
We are, therefore, of opinion that the appeal should be dismissed, with costs.
All concur.
Appeal dismissed.