WILLIAM H. MANDEVILLE, RESPONDENT, *v.* CHARLES M. MARVIN, APPELLANT.

*Practice — power of the General Term to correct errors committed by a referee where no exception was taken to his report — when it should be exercised.*

The defendant sold and transferred to the plaintiff four promissory notes and certain other securities pledged to insure the payment thereof. At the time of the sale the defendant verbally promised and agreed that the said notes were valid and subsisting obligations against the makers, indorsers and guarantors thereof, and that none of them had been discharged from their liability thereon. These representations having proved to be untrue the plaintiff brought this action to recover the damages he had sustained. The referee directed a judgment for the amount of the notes and the costs of an unsuccessful action brought against one of the indorsers, but neglected to credit the defendant with the amount which it appeared the plaintiff had realized from the collateral securities held by him.

The defendant excepted "to the direction for the entry of judgment in favor of the plaintiff," but did not specifically except to the failure of the referee to require the plaintiff to apply the amount received for the collaterals in payment of the notes, nor did he specifically request the referee to require him so to do.

*Held,* that the General Term is not prevented, by the failure of the party aggrieved to specifically except thereto, from correcting any error or mistake which may have been committed by a referee.

That in this case the error was so grievous to the defendant and the injustice which would be done, if the judgment were allowed to stand, was so great, that the judgment should be reversed, although no specific exceptions to the error committed by the referee had been taken. (HARDIN, J., dissenting.)

APPEAL from a judgment, entered upon the report of a referee, whereby the plaintiff recovered the sum of $730.71, with costs.

*William Spargur,* for the appellant.

*Bolles & Moulton,* for the respondent.

BARKER, J.:

The questions sought to be reviewed on this appeal are presented on the report of the referee and a bill of exceptions. The evidence produced on the trial is not set forth in full. We cannot, therefore, review the questions of fact as found by the referee. It is stated in the bill of exceptions that certain facts were proved and that the evidence tended to establish other facts material to the issue; and the referee's report contains a series of facts, as found by him, upon which he held as a conclusion of law that the plaintiff was entitled to a judgment in the sum of $730.71. It is claimed by the appellant that upon the facts as found the amount of the judgment is excessive, inequitable and unjust, and should be set aside and a new trial ordered.

In August, 1876, the defendant was the owner of four several promissory notes; one dated May 22, 1873, made by Francis M. Whitcomb for the payment of $125, thirty days after date, payable to the order of Isaac Willetts, and by him indorsed. 2. A note dated May 22, 1876, made by D. Rawson & Co. for the sum of $182, payable one month after date, to the order of the said Isaac Willetts, and by him indorsed. 3. A note made by D. Rawson & Co., dated October 10, 1874, for the payment of $100, payable six months after date to the order of Timothy Regan, and by him indorsed. 4. A note made by D. Rawson & Co., dated the 15th day of June, 1874, for $100, payable to the order of Nathan A. Bennett three months after date, and by him indorsed, and with a guaranty of payment also thereon indorsed by the said Bennett.

Francis M. Whitcomb, the maker of the first of the above described notes, was one of the firm of D. Rawson & Co., and he, to secure the payment of these notes, had placed in the hands of the defendant a large amount of securities, being notes made by third parties.

The plaintiff was also one of the creditors of D. Rawson & Co., and held their notes and obligations for a sum amounting to between seven and eight hundred dollars. The plaintiff being informed that the defendant was the owner and holder of the several notes mentioned, and as security for their payment held the collaterals to which reference has been made, purchased from the defendant the four several notes, and paid therefor the sum of $711, and the notes were delivered to the plaintiff, together with the collaterals pledged as security for their payment. At the time of the sale and transfer, the defendant, by an oral agreement, promised and agreed that the said notes were all valid and subsisting obligations against the makers, indorsers and guarantors, and that none of them had been discharged from their liabilities on the said notes. The plaintiff commenced an action against Willetts upon the two notes which he had indorsed, who defended the same upon the ground that he had been fully discharged and released as indorser prior to the time when the notes were transferrred by the defendant to the plaintiff. Upon receiving the answer interposed by Willetts, the plaintiff gave notice to the defendant of the position taken by Willetts, and offered to allow Marvin to have the control and management of the action, and he declined to assume the control and direction of the suit.

Upon the trial of the issue before a jury, Willett's defense prevailed, and he recovered a bill of costs against the plaintiff, which, after the entry of judgment, the plaintiff paid. Thereafter the plaintiff commenced this action against Marvin to recover the damages which he had sustained by reason of the breach of the contract of warranty made by Marvin on the sale of the notes. It is well settled by the many adjudications which have been given on the question, that the judgment in the suit against Willetts is conclusive against the defendant as to the non-liability of Willetts as indorser. (*Delaware Bank* v. *Jarvis*, 20 N. Y., 226; *Whitney* v. *Nat. Bank of Potsdam*, 45 id., 303; *Littauer* v. *Goldman*, 9 Hun, 231; *Bell* v. *Dagg*, 60 N. Y., 528.) It is held by the same authorities that in

an action against a guarantor, upon his agreement that commercial paper by him sold and transferred is genuine, and that the parties thereto remain liable upon their promises, and have not been discharged therefrom, he is liable in an action for the breach of his contract for the costs which have been incurred in an unsuccessful litigation upon the paper which was the subject of the sale. The defendant did not guaranty the payment or the collection of any of the notes. But as it was established upon the trial that D. Rawson & Co. and Whitcomb were all insolvent, the plaintiff was entitled to recover as his damages for the breach of the defendant's contract the sums which were due and unpaid upon the face of the note, as well as the costs in the suit against Willetts.

Upon the facts found by the referee, together with the terms of the written assignment transferring the collaterals with the notes, the moneys collected by the plaintiff upon the notes and securities hypothecated were, as between the parties to this suit, first to be applied in the discharge of the liability of D. Rawson & Co., the makers of these several notes.

It was stated in the case and found as a fact that the plaintiff had collected and received upon the collaterals the sum of $667.75. As a question of law the referee found that the plaintiff was entitled to recover the balance due upon the notes indorsed by Willetts and the costs of the suit against him, amounting in the aggregate to the sum of $730.71. The defendant in his answer sets up as a defense that since the assignment and transfer of the notes and securities to the plaintiff he had collected and received upon the collaterals in his hands $1,000 and upwards, and more than enough to fully pay and satisfy the amount due and unpaid upon the four notes which were transferred to the plaintiff. The referee omitted in directing judgment against the defendant to make any application whatever of the moneys collected by and in the hands of the plaintiff at the time of the commencement of this suit. In his conclusions of law, as set forth in the report, he makes no reference to this question whatever. The appellant seeks to correct this omission and to secure an application of this sum in diminution of his liability to the plaintiff. It must be conceded that the omission to make the application was an error, and that in justice and equity the defendant

should be credited with the sum so collected, the application to be made in such manner as to protect all the rights of the plaintiff.

It is urged by the respondent that the defendant has failed to raise the question by omitting to take the proper and necessary exception to the referee's report. Before considering this question it is proper to consider and determine how and the order in which the application of the sum collected should be made. The notes pledged as collaterals were intended to be made as a security for all of the notes which were sold by the defendant to the plaintiff.

In this action, upon the facts as they are now found, it is just and equitable to allow the plaintiff to retain out of the sums collected an amount equal to the two notes made by D. Rawson & Co., not indorsed by Willetts but by other parties, and which remain unpaid and which amounted at the time of the commencement of the suit to $256.64. This sum being deducted from the sum of $667.76 leaves the sum of $411.12 as an amount which the plaintiff should have been allowed and credited in this action against the liabilities established against him upon his contract. It is not stated in the findings of fact when the sum realized by the plaintiff on the securities was received, and therefore it is proper to assume that they were collected after the commencement of the suit against Willetts, and were not in hand for any measurable length of time prior to the commencement of this suit.

The only exception which, in any way, raises to the error now complained of is as follows : " The defend.. . excepts to the direction for the entry of judgment in favor of the plaintiff." The other exceptions which were taken relate to the question of his liability for the costs in the suit prosecuted by the plaintiff against Willetts. Placing upon the exception a strict and technical construction, it is not an exception as to the amount, for which judgment was directed to be entered, but is an exception to the direction that judgment be entered in favor of the plaintiff.

In the conclusions of law, as set forth in the report, the referee mentions the amount of the notes indorsed by Willetts and the interest which had accumulated thereon in separate items, and then gives the amount of the costs for which the defendant is liable, with the item of interest to which the plaintiff is entitled. Then follows in a separate paragraph the following direction, " and f

that sum, seven hundred and thirty dollars and seventy-one cents, judgment is to be entered, with costs."

The exceptions were prepared, doubtless, upon the supposition that the defendant was not liable for the costs in the Willetts' suit, and if he was correct in that proposition, then, upon an accurate computation of the interest, the plaintiff would not be entitled to any judgment.

Although the appellant has not specifically and positively indicated the error upon which he now relies, I am of the opinion that this court has the power, and that it is its duty, to correct the error so plainly visible, and not compel the appellant to suffer the injustice which will be done him if the mistake indicated is not corrected. When issues of law or fact are tried by a referee the only way to review the trial upon the merits is by an appeal to the General Term. This right of appeal is given to the defeated party, and he may apppeal from the facts or the law as found by the referee, or from both. (Sec. 1346 of the Code of Civil Procedure.)

Upon the hearing of such an appeal the court has the power to reverse the same and to grant a new trial, or to correct and modify the same as in its judgment seems just and proper. (Sec. 1317 of Code of Civil Procedure.) In a strict sense the General Term, in reviewing a judgment entered upon the decision of a referee in an action originally commenced in this court, is not exercising appellate jurisdiction. The cause is yet in the Supreme Court, where it originated, and the whole record may be inspected, and every substantial error which is disclosed by an examination may and should be corrected.

In *Syracuse Savings Bank* v. *The Syracuse, Chenango and New York Railroad Company* (88 N. Y., 110) the power and jurisdiction of the General Term was under consideration, and it was there remarked, in an opinion by EARL, J. : " It cannot be doubted that a Special Term, upon motion, could, at any time prior to the appeal to the General Term, have granted the same stay which was granted at the General Term; and it cannot be doubted that the Special Term, upon motion, could have given leave to these respondents to renew their motion to vacate the order of sale, and the General Term had the same power. The Supreme Court is one court exercising its jurisdiction through

the Special Terms, Circuits and the General Terms. And the General Term, except as limited by the laws, has all the power and all the general jurisdiction of the Supreme Court." (*Folger* v. *Fitzhugh*, 41 N. Y., 228; *Tracy* v. *Talmadge*, 1 Abb. Pr. R., 460; *Gracie* v. *Freeland*, 1 N. Y., 228; *Anonymous* v. *Anonymous*, 10 How. Pr., 353.)

Provisions are contained in the Code of Civil Procedure for taking exceptions to the rulings made by the referee, during the trial, and to his conclusions of law, as set forth in his findings, and as to the mode and manner of bringing such exceptions before the General Term for review. (Sections 992, 993, 994.) The regulations thus provided are intended as a rule of procedure and practice, and as a convenient way of bringing the attention of the court to the errors and mistakes which are claimed by the appellant to have occurred upon the trial. I am not aware of any statutory provision which prohibits the General Term from correcting any mistake or error which may have been committed by the trial court, although no exception was taken, distinctly indicating the alleged error. Nor am I aware of any decision of the courts to that effect. On the contrary, it has been frequently adjudicated that the General Term has the power, and that it is its duty to examine and determine whether the conclusions of the trial court were according to the evidence and the justice of the case, and if the court reach the conclusion that substantial error has been committed to set aside the judgment and order a new trial. (*Hamilton* v. *Third Ave. R. R. Co.*, 53 N. Y., 27; *Grocers' Bank* v. *Penfield*, 7 Hun, 284; *Roosa* v. *Smith*, 17 id., 138; *Godfrey* v. *Moser*, 66 N. Y., 253; *Roe* v. *Roe*, 14 Hun, 612, and the cases there cited.)

The decisions of the Court of Appeals as to its own want of power to review questions, when no specific exception has been taken, has no just application to this court, as that tribunal has only appellate jurisdiction and can only review questions of law.

The case of *Jarvis et al.* v. *Driggs et al.* (69 N. Y., 143), is not applicable to the case before us, as that case was an appeal from a judgment entered upon the verdict of a jury. The judgment was affirmed at the General Term of the Court of Common Pleas, in which court the action originated, and from the judgment of affirmance an appeal was taken to the Court of Appeals, and the latter

court held that the question of law sought to be reviewed was not presented by a proper request and exception on the trial.

The case of *Keogh* v. *Westervelt* (66 N. Y., 636), does not hold and decide that this court has not the power to correct an error either of law or fact, committed by the referee, if no exception has been taken in due time and form; but is an authority that the Court of Appeals cannot examine into an error of law, committed by a referee, without such an exception.

It is evident that the appellant was disappointed and felt aggrieved over the amount of the judgment directed to be entered against him, and sought by exceptions, which he deemed sufficient, to bring the question which has been considered and found to be erroneous, to the attention of the court. I am of the opinion that the error which has been pointed out, is so grevious to the defendant, and the injustice which will be done him if the judgment is allowed to stand so great, that the judgment should be reversed, although there was a failure to make the specific exception, indicating the mistake which the learned referee made in ordering a judgment for the sum mentioned. I am also of the opinion that a new trial should be granted, instead of correcting the judgment in the particular mentioned.

It appears from the findings of fact, that one of the collaterals, amounting to the sum of three hundred and fifty dollars, had been secured by bond and mortgage and held by the plaintiff. It is not disclosed in whose name the security was taken nor when it is to be paid, and it cannot now be decided whether the plaintiff ought to be called upon to account for the same or not, as the evidence bearing upon that question is not set out in the bill of exceptions. Upon another trial the defendant may be able to show that the plaintiff has so dealt with that security that he should be charged with the amount of it.

The judgment should be reversed and a new trial granted before another referee, with costs to abide the event.

Smith, P. J., concurred.

Hardin, J. (dissenting):

Beyond all question it is settled that a party who transfers chose in action with a warranty of its validity, when, in fact, it

invalid, renders himself liable to the transferee. (*Delaware Bank* v. *Jarvis*, 20 N. Y., 226; *Littaur* v. *Goldman*, 9 Hun, 232; *Bell* v. *Dagg*, 60 N. Y., 528; *Whitney* v. *Nat. Bank of Potsdam*, 45 id., 303.)

Equally well is it settled by the authorities that where the transferee brings an action upon the chose in action, and a defense is interposed and notice thereof given to the transferer of such defense, and an opportunity afforded to take control and management of the prosecution, the verdict or decision of the issue is binding and conclusive upon the transferer. (*Delaware Bank* v. *Jarvis, supra*; *Whitney* v. *Potsdam Bank, supra*.) Therefore the holding in the case in hand, that the verdict was conclusive and the judgment entered thereon binding upon the defendant was correct. And it was properly held by the referee that the defendant was liable to make good the loss sustained by the plaintiff in bearing the costs and expenses of the action brought by the plaintiff upon the indorsements upon the notes which the defendants so transferred to the plaintiff.

Authorities to which we have already referred establish a rule which allows a recovery of the costs and expenses of the action brought by the plaintiff, and by the evidence it is clear that the costs and expenses of that action, incurred in the usual course of conducting such an action, amounted to $298.15, and they were therefore properly allowed in this action as a part of the recovery. The defendant upon the trial of this action did not, nor did he in his formal exceptions, challenge the amount which the plaintiff was entitled to recover. Without such an exception we cannot review the question now made as to the amount which the plaintiff should recover. (*Keogh* v. *Westervelt*, 66 N. Y., 636.)

An exception raising the question as to whether plaintiff was entitled to recover any damages, does not bring up the amount which should have been allowed. (*Jarvis* v. *Driggs*, 69 N. Y., 147; *McMahon* v. *The N. Y. and E. R. R. Co.*, 20 id., 470; *Code of Civil Procedure*, §§ 992, 993, 994; *James* v. *Cowing*, 82 N Y., 458.)

The recovery was for the amount of the notes, and the costs and expenses of the action brought upon the indorsements. Under a proper exception, we might have limited the recovery to whatever

remained unpaid to the plaintiff of the purchase-price which he paid for the notes ; but as the point now urged upon us in that regard was not made at the trial, and as no exception to a refusal to so find as to limit the amount to less than the face of the notes, or to a finding of the amount of the damages, we do not regard the point as properly before us.   We might, from the referee's opinion, conjecture that had the point been seasonably raised before him he would have cut the recovery down $200.

However that may be, we do not see any exception which calls upon us to examine the question now made for the first time as to the amount for which a recovery should be had.

The judgment should be affirmed.

Judgment reversed, and new trial ordered before another referee, costs to abide event.