William H. Platt et al., Respondents, *v.* George W. Platt, Appellant.

Where, in an action to set aside conveyances of real estate as obtained by fraud, an interlocutory judgment has been rendered determining the title to be in plaintiff, subject to certain liens of defendant, and directing an accounting, and where, by consent, a receiver has been appointed to receive the rents during the accounting, it is within the discretion of the court to order the receiver to pay over the rents collected to the plaintiff upon such terms as it may deem proper.

The exercise of this discretion may be reviewed by the General Term, but not by this court, and the order of the General Term thereon is not appealable.

(Argued May 30, 1876; decided June 6, 1876.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of

Special Term, directing the Union Trust Company, receiver herein, to pay over to plaintiffs an accumulation of rents in its custody.

This action was brought, among other things, to set aside certain conveyances of real estate made by plaintiffs' testator to defendant, on the ground of fraud.

Several of the parcels of land conveyed had been bid off by defendant upon foreclosure sale. The Special Term sustained the allegations of fraud and directed a reconveyance of the lands, holding, however, that defendant had an equitable lien for the amount paid by him on the purchases at foreclosure sales, and also directed an accounting. Defendant moved for a new trial on a case; the General Term denied the motion and defendant appealed to the Court of Appeals, where the interlocutory judgment was affirmed. (58 N. Y., 646.) During the accounting the Union Trust Company was, by consent of both parties, appointed receiver of the rents of the property in question. The order appealed from recited that plaintiffs had filed a sufficient bond, approved by the court, conditioned that plaintiffs would pay the moneys received by them from the receiver into court again if the court so ordered, and ordered that the receiver pay to plaintiffs' attorney the amount in its hands, and such as should be thereafter collected, less taxes, insurance and receiver's fees.

*S. P. Nash* for the appellant. There was no authority for making the order appealed from. (*Nedby* v. *Nedby*, 4 My. & Cr., 367; *Cooke* v. *Barker*, Hopk., 117; *Coursen* v. *Hamlin*, 2 Duer, 513; 2 Dan. Ch. Pr., 1777 [Am. ed. of 1871]; *Dusenberry* v. *Woodward*, 1 Abb. Pr., 443, 454.) The order appealed from was not discretionary. (*Carrington* v. *Fla. R. R. Co.*, 52 N. Y., 583; *Brinkley* v. *Brinkley*, 47 id., 41.)

*Wm. R. Martin* for the respondents. The order appealed from was discretionary and not appealable. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 422; 59 id., 315; *Howell* v.

*Mills*, 53 id., 322; *Bolles* v. *Duff*, 43 id., 469; *Cushman* v. *Brundrett*, 50 id., 297; *Colman* v. *Dixen*, id., 572; *Livermore* v. *Bainbridge*, 56 id., 72; *Miller* v. *Tyler*, 58 id., 477; *Crane* v. *Styer*, id., 625; *Pfohl* v. *Sampson*, 59 id., 174; *Holyoke* v. *Adams*, id., 233; *Brown* v. *Keeney, etc., Assn.*, id., 242.)

*Per Curiam.* The rents which were disposed of by the order from which this appeal was taken were paid into court by consent of the defendant, and were subject to its control and direction. It rested, therefore, in the power of the court to determine what disposition should be made of them pending the accounting and while the action remained undetermined. It had the power to make the plaintiffs receivers of the fund instead of the Union Trust Company, which was appointed originally, and in the exercise of its discretion to award that it be paid over to the party to whom the judgment gave a right to the same, subject to the equitable rights of the defendant, upon such terms as might be proper under the circumstances presented. Even if the order involved a substantial right it was, notwithstanding, discretionary. And being discretionary, it was not appealable within the provisions of the Code. While the General Term can review discretionary orders affecting a substantial right, this court has no such authority. (59 N. Y., 315.)

As the order rested in the discretion of the court and was not appealable, the appeal must be dismissed, with costs.

All concur.

Appeal dismissed.