Every statute is entitled to a reasonable interpretation, with refer-ence to the object to be attained or the evil prevented.

The order of the surrogate should be affirmed with costs.

DAVIS, P. J., and BRADY, J, concurred.

Order affirmed with costs.

---

IN THE MATTER OF THE PETITION OF JULIUS LE BLANC.

*Fund for payment of dividends — when regarded as a trust fund — lien of stock-holder upon it.*

September 2d, 1873, the Erie Railway declared a dividend of one per cent. upon its stock, and deposited the money to pay the same with Duncan, Sherman & Co. On December 10th, 1874, the money then remaining with the said firm was withdrawn by the company, and subsequently passed, with its other prop-erty, to a receiver of the road. This application was made by the petitioner, who, at the time the dividend was declared, was and still is a stockholder of the said road, to compel the receiver to pay to him the amount of his dividend.

*Held,* that the fund deposited with Duncan, Sherman & Co., should be regarded as specifically appropriated for the payment of the dividend, and that the stockholders acquired in equity a lien upon such fund to the extent of the amount to which they were respectively entitled, and that such lien followed the fund in the hands of the receiver.

That a stockholder might apply on petition for such dividend, and was not obliged to bring an action therefor.

APPEAL from an order of the Special Term, directing the receiver of the Erie Railway Company to pay to the petitioner $500, the amount of a dividend upon the stock of said com-pany owned by him.

*W. W. McFarlane,* for the appellant, the receiver.

*S. W. Holcome,* for the respondent, the petitioner.

INGALLS, J.;

The Erie Railway Company, on or about the 2d day of Sep-tember, 1873, declared a dividend of one per centum upon its

common stock, payable on and after the first day of October then following. The petitioner was, at the time, and has since continued to be, the owner of 500 shares of the stock of said company, of the par value of $100 each. The Company deposited with Duncan, Sherman & Co., a sum sufficient to pay, and for the purpose expressly of paying the dividend thus declared. On the 10th day of December, 1874, there remained of such sum in the hands of Duncan, Sherman & Co., $4,918.85, which was withdrawn by said Erie Railway Company. Hugh J. Jewett was appointed receiver of the Erie Railway Company, and as such assumed control of the funds in the possession of such company including the amount withdrawn from Duncan, Sherman & Co. The respondent having been absent, neglected to draw his dividend while the fund was in the hands of Duncan, Sherman & Co.

He presented his petition to the Supreme Court, at Special Term, and obtained an order directing the receiver to pay to said petitioner $500, the amount of his dividend, and the receiver appeals from such order.

We conclude that the fund deposited with Duncan, Sherman & Co., should be regarded as specially appropriated for the payment of the dividend made by the company, and that the stockholders acquired in equity a lien upon such fund to the extent of the amount to which they were respectively entitled. That such lien followed the fund in the hands of the receiver, who holds the same as trustee for the benefit of such stockholders. (*Le Roy* v. *The Globe Ins. Co.*, 2 Edw. Chy. Rep., 656; *Lowene* v. *The American Fire Ins. Co.*, 6 Paige, Chy. 484. In the case *The Attorney General* v. *The Continental Life Ins. Co.*, *In re Betsey A. Merrill*, which has been very recently decided by the Court of Appeals, while that court reversed the decision of the Supreme Court upon the facts of that case; yet the reasoning contained in the opinion of Judge CHURCH, decidedly confirms the right of the petitioner in this case, upon the facts here presented, and furnishes in our judgment, an authority in support of the order appealed from. The appellant further insists that the respondent should have proceeded by action instead of by petition. No such question was raised before the Special Term. Again, we perceive no substantial reason why, in a case like the present, a petition is not proper.

The parties should not be subjected, unnecessarily to the delay and expense of an action, when it is clear that the rights of all parties can be protected in this form of proceeding. Nothing is shown which induces us to doubt the propriety of the application by petition.

The order should be affirmed, but without costs, as the appellant is an officer of this court.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed without costs.