Patterson, J.
In view of the fact that the sale of the premises involved in this suit is advertised for to-morrow, and that it is suggested that a postponement of such sale might seriously affect the amount that will be realized, I have taken up this case and given to it such consideration as the limited time at my disposal would allow.
The following facts appear before me: That a receiver was appointed of this large and valuable real property and that to him was given the power of leasing, originally limited to the first day of May, 1886 ; that the order was settled upon notice to all the parties and all were thoroughly apprised of the limitation made upon the receiver’s right *357 to lease; that afterwards, and by an ex parte application made by the receiver himself, authority was given to him to make leases which would expire on the 1st day of May, 1889, and in pursuance of said authority, he, the receiver, has made and executed leases of the premises, which leases, according to their terms, will continue until that time.
The action is in partition and the rights of the parties and their interests have been, since the leases in question were made, finally settled by the court of appeals. The litigation is ended and' the decree for sale made.
Bccently the owners of the property have discovered that these leases, made under the authority of the ex parte order, have been executed, and that the tenants are in possession under them.' The present motion is to set aside virtually the order which authorized the receiver to make leases for three years, and to limit the term of the lessees to one year, so -that they will expire on the 1st day of May; it being alleged as grounds for the motion, first, that the outstanding terms of two years will very greatly affect the price the real property will bring upon the sale, and secondly, that the leases should not be permitted to stand, because they were made without notice—that they virtually create an estate for years, and that the ordinary powers of receivers to lease extend only from year to year.
It is established upon the part of the tenants, that they have on the faith of leases taken under the special order of this court, made large expenditures of money in fitting up or improving the premises of which they are respectively in possession ; and they claim that having acted in taking their leases on the faith of the special order of the court, they should not be interfered with in the enjoyment of their terms.
On looking over the authorities which have been cited, I am not prepared to say that the ex parte order is absolutely invalid. The court had jurisdiction to direct the receiver to make leases of the property, but I do not understand that it is the custom of this State, or elsewhere, to *358 authorize long leases of the property to be made by receivers in partition or foreclosure cases. Bentings are generally allowed to be made from year to year, although there may be special reasons which should induce the court to authorize leases to be made for a longer term. But it does not seem to be proper to authorize leases which shall enduré beyond the life of the litigation in which the receiver is appointed, as they act to keep the parties out of possession of the property to' which, by the judgment of the court, they are entitled ; and if, in an ordinary case, and without any reason appearing, and upon the simple ex parte application of the receiver, the court may create a term in property for three years, it may arbitrarily create a term for any indefinite number of years.
The question remains, however, as to the rights of those parties who, undoubtedly acting upon the faith of an order of the court, accepted the lease and made the expenditures. I do not doubt the power of the court to grant the motion to limit the terms of these tenants, because the whole subject of the disposition to be made of the property and the rights of parties in the property acquired during the pendency of the suit must necessarily be before the court; but I am not prepared at present to say that these leases should be annulled or limited to leases for a year without provision being made for the indemnity of the tenants in case it should hereafter be decided that they are entitled to damages for the destruction of their terms; nor do I think that the parties should be left merely to a remedy against the receiver personally if they could have such remedy, but I am of the opinion that from the proceeds of the sale there should be reserved a sum of thirty-five thousand dollars, to be deposited in a trust company under a special order of the court, to await the determination of the question of the right of the tenants to recover damages.
My first inclination was to hold that, in this case, if the property was to be sold free from leases, the damages of *359 the tenants should be recovered now out of the purchase money, but upon more mature reflection I do not think I can go so far.
It may possibly be held that the owners of the property should not be responsible for the damages which have accrued without, any active participation on their part, and, indeed, without knowledge of the act of the receiver, or the order of the court. I therefore am inclined to leave that an open question, to he determined hereafter. What I mean to decide at present is: first, that it is within the power of the court to abridge the term of the leases made by its receiver, which have been made under the peculiar circumstances of this case, it being satisfactorily established to my mind that unless this were done the amount the property would bring at the sale would be materially diminished ; and secondly, that if under all the circumstances of the case, it shall hereafter he adjudged that the lessees should be compensated out of the projmrty, a fund shall be provided which can he readily reached for their satisfaction.
Note ok Statutory Receivers, and ok Instructing Receivers.
I. The statutes and their origin.
II. What receivers are statutory.
III. Cases on the Title, JPotcers, and Duties of a Statutory Receiver.
IV. Instructing Receivers, common law and statutory, including examination oj Claimants Interesse Suo.
I. The statutes and their origin.
,, In 1814, the legislature ol this State made provisions for the voluntary dissolution of insurance companies, and in 1817 passed another act as to such companies in New York city which authorized chancery, on petition in such cases, to appoint trustees, who should from the time of giving security bo vested with all the estate of their corporation.
By the Revised Statutes these provisions were continued (2 R. S. 467), and extended to corporations generally (except incorporated library societies, religious corporations, and select schools and academies, incorporated by the regents of the university or by the legislature) with this change, that the Revised Statutes made the officers to close affairs, receivers, subject to the control and direction of the court.
*360 In 1825 the court of chancery of this State, after full deliberation, had. refused to entertain a hill to forfeit a charter; holding that the remedy was at law, and that even though an information in the nature of a quo warranto was pending in the supreme court at the time, equity could not interfere by injunction in aid of the. suit at law until the question of forfeiture had been there determined. Attorney-General v. Bank of Niagara, Hopk. 354, 360. This conclusion 'was only carrying one step further the opinion of Chancellor Kent, in the case of the Attorney-General v. Utica Ins. Co., 2 Johns. Ch. 370, that chancery had not jurisdiction to restrain by injunction the usurpation of a banking franchise.
In the same year (L. 1825, p. 450), the legislature gave a remedy to creditors with judgment and execution unsatisfied, to dissolve-in effect insolvent corporations, by sequestrating the stock,- property, etc., and for the fair distribution of all the assets among creditors.
By the Revised Statutes (passed December 10, 1828, and taking effect January 1, 1830), the legislature, besides re-enacting and extending as above stated the provisions for voluntary dissolution, gave chancery jurisdiction to enjoin corporations and others from unlawful assumption of corporate powers; and also re-enacted in substance the provisions of the act of 1825 in regard to the remedy of creditors, and other provisions from the same act allowing the dissolution of insolvent corporations by proceedings in chancery.
The statute of voluntary dissolution of corporations, as embodied in the Revised Statutes (2 R. S. 469, § 68), provides that receivers appointed thereunder should have “ all the power and authority conferred by law upon trustees, to whom an assignment of the estate of insolvent debtors may be made,” pursuant to 2 R. S. 40, etc. The important .provisions thus referred to and applied to such receivers are briefly: that the survivor or survivors of several have all the powers and rights of the full number ; that on taking oath, they have power to sue in their own names or otherwise; that they may sell, at public auction, and allow credit on selling, real property; may redeem pledges, settle accounts, examine persons on oath; and, under the direction of the officer appointing them, make compromises with those indebted to the - debtor; may obtain a warrant, compelling persons charged with concealing or embezzling assets, to submit to , examination ; may agree on reference, or require the appointment of referees, to determine controversies in the settlement of demands; and may make distribution, and adjust and set off mutual claims.
The statute of voluntary dissolution, after conferring these powers by the general reference to the*statute as to insolvent trustees above-mentioned, added authority to the receiver of a voluntarily dissolved corpo *361 ration to collect unpaid subscriptions; to impeach transfers, etc., made by the corporation after the filing of the petition ; to settle, and allow a rebate on the rescission of, continuing contracts, and to make dividends and'distribution.
In respect to the duties and obligations of such receivers, the statute of voluntary dissolution (2 R. S. 470, § 74) made them “ subject also to all the duties and obligations by law imposed cm trustees of insolvent debtors, so far as they may be applicable, except where other provisions shall be herein made.”
The statute as to trustees of insolvents thus referred to and applied (2 R. S. 41, etc.), requires them to take an oath (2 R. S. 41, § 51), which is not required of common law receivers; immediately on their appointment to advertise notice thereof, requiring those concerned to pay moneys and deliver property due, and to present their demands (2 R. S. 42, § 8) ; to convert the assets into money as speedily as possible (2 R. S. 46, § 26) ; and to keep accounts to which all persons interested shall have access. Id.
The statute of voluntary dissolution besides imposing these obligations upon receivers on involuntary dissolution, adds that they must proceed to collect unpaid subscriptions, except from insolvents (2 R. S. 469, § 69); they must in addition to the notice above stated, require persons holding any open or subsisting contract with the corporation, to present it (Id. § 70); must call a general meeting of creditors within four months after their appointment; and it gives also directions as to distribution, accounts, etc.
It further expressly provides that such receivers shall be subject to the control of the court of chancery, and may be compelled to account at any time ; that they may be removed by the court, and any vacancy created by such removal, by death or otherwise, supplied by the court. Id. § 85.
It follows from this summary that a receiver appointed on the voluntary dissolution of a corporation, is vested with absolute title to the assets ; has peculiar and far reaching powers, many of which may be exercised without application to the court; is subject to some specific duties without direction from the court; and is also, however, so far as not precluded by these regulations, subject to the control of the court like a common-law receiver.
In 1880, many provisions of the statute of voluntary dissolution, were revised in title 11 of chapter 17 of the Code of Civil Procedure (§§ 2419-2431). Those provisions, however, only include those which relate to dissolution, and do not embody those which define the power's and duties of the receiver. Those all arc left as defined by the preexisting statutes above referred to.
*362 Thus far we have only considered the receiver appointed in a special proceeding, for voluntary dissolution.
The provisions of law authorizing the appointment of receivers, in actions relating to corporations, as distinguished from the special proceeding for voluntary dissolution, were also in 1880, revised in title 2 , of chapter 15 of the same act. Code Civ. Pro. §§ 1784-1813.
These provisions as amended in 1882, declare that a permanent receiver (that is a receiver appointed or continued by judgment) in an action by a creditor to sequester assets, or an action by the people or by a creditor or stockholder to dissolve the corporation, “ has all the powers and authority conferred, and is subject to all the duties and lia- , bilities imposed upon, a receiver appointed on the voluntarary dissolution of a corporation.” § 1788.
And in the same classes of actions, the court have power to appoint a tem2Mrary receiver (that is a receiver before judgment) and may or may not in their discretion confer upon him the powers and authority and subject him to the duties of a receiver appointed on voluntary dissolution, except that he cannot make distribution without special order of the court. § 1789.
In an action by the people, to annul a corporation, on the ground of fraud, or various violations of law,—an action which, by the provisions relating to it, preserves the distinctive features of an action at law (§§ 1797-1803)—no power to appoint a receiver before judgment is given, although the power to issue an injunction, which was conferred by the Revised Statutes on chancery, is extended to the court in these common-law actions. The-receiver appointed h}' judgment in such an action, has, however, the powers and duties of a receiver oh voluntary dissolution. This doubtless is the effect of § 1801, although its language is not so broad as that applicable to the previously mentioned classes of actions; for it simply provides that the judgment “ must also provide for the appointment of a receiver, the taking of an account, and the distribution of the property of the corporation among its creditors and stockholders, as where the corporation is dissolved upon its voluntary application.” The reason of this difference in the form of the statute is, that the commissioners who drafted the section, proposed to leave it discretionary with the court to provide (in the judgment) for a receiver, account and distribution, in that manner, and the legislature by substituting the word “must” for “may,” made the practice uniform.
Certain general provisions (Code Civ. Pro. §§ 1806 -1812) authorize the court, in actions of either class, to grant injunctions against creditors, and before or after judgment, to order creditors to come in and make themselves parties.
*363 It is thus seen that, so far as the general statutes provide, receivers appointed or continued by a judgment in any action which involves the sequestration of the assets of a corporation, or its dissolution and distribution of its assets, is a statutory receiver, vested with title; and that a tempora/ry receiver, in such an action may or may not bo in effect a statutory receiver, according to the order appointing him, and special directions given him.
It remains to refer to some special provisions of statute referring to particular classes of corporations.
Section 1796 of the Code of Civil Procedure contains this provision: “This article docs not repeal or affect any special provision of law, prescribing that a particular kind of corporation shall cease to exist, or shall bo dissolved, in a case or in a manner, not prescribed in this article ; or any special provision of law, prescribing the mode of enforcing the liability of the stockholders of a particular kind of corporation.”
This does not appear to have been intended to prevent these general provisions before referred to, by virtue of which corporation receivers are generally statutory receivers, from applying to corporation receivers appointed under particular statutes which authorize appointment under specified circumstances; and I believe that the courts have generally treated receivers appointed in actions brought under particular statutes, as being within the provisions making them statutory receivers.
And where such a statute does not require an action to bo brought, but allows the appointment to be made upon petition, language declaring the receiver to be vested with the assets, or in anjr form giving him substantial control of them for the purpose of liquidation and distribution, has been deemed sufficient to vest him with title as if ho were a statutory receiver. In all other respects, the power of the court to control and direct the conduct of a receiver, and to restrain and punish any interference with the assets, is sufficient to enable him to obtain many of the powers of a statutory receiver, and to subject him to some, at least, of the obligations of such a receiver, by special order of the court, even if he be not technically a statutory receiver, because not expressly made so.
II. TThat receivers are statutory.
Academy or select school incorporated by regents of university, same as library companies, which see.
Banicing corporation or joint stock association for banking purposes, issuing bank notes or any kind of paper credits to circulate as money.
*364 A receiver appointed under 1 L. 1882, p. 637, c. 409, § 133, is a statutory receiver. Id. p. 638, § 135 ; and see L. 1882, c. 431, § 4 ; L. 1883, c. 378.
Corporations, generally. The provision of § 1810 in article V. tit. II. of ch. 15 of N. Y. Code Civ. Pro. that “ a receiver of tho property of a corporation can be appointed only.....in one of the following cases,’’ should bo read in light of.the fact that it is a mere revision of L. 1870, c. 151, § 2, extended so as to include all the actions mentioned in articles II. and III. (Mr. Throop’s note to § 1810); and this article V. by its heading- purports to contain only provisions “applicable to two or more of the actions specified in this title,” i. e., title II. c. 15 of the Code. It may be doubted, therefore, whether the restrictions upon the appointment of a receiver here contained have effect to preclude appointment in any case expressly or impliedly authorized by any statute passed since the act of 1870, such for instance as the implied authority given by the religious corporations acts of 1875 and 1876.
Creditors’ actions for sequestration of corporate assets. Receivers appointed before L. 1852, p. 67, c. 71, in judgment creditors’ actions for sequestration, and then in power, were by that act made statutory receivers.
Receivers appointed since L. 1860, p. 699, c. 403, in judgment creditors’ actions for sequestration are by that act made statutory receivers.
A receiver appointed in a creditor’s action for sequestration, of corporate properties, was treated in Libby v. Rosekrans, 55 Barb. 202, 219 (1869), as a statutory receiver.
The question whether a receiver appointed in a creditor’s action to sequestrate the property of a corporation after judgment and execution unsatisfied under 2 R. S. 463, § 36, has the powers, etc., of a receiver on voluntary dissolution | Id. § 36, § 42,—Code Civ. Pro. § 1784; Id. § 1789] (a question upon which tho court of appeals in Mann v. Pentz, 3 N. Y. 415, express an opinion in thenegative)—was settled in the affirmative by the amendment of § 1788, in 1882 (c. 399), which gives to a permanent receiver in such action the powers,.etc., of one appointed on voluntary dissolution ; and makes a temporary receiver in all respects subject to the control of the court, etc., and allows like powers to he conferred on him.
Creditors’ actions to enforce specific lien. If in any case a creditor’s action is necessary to enforce a specific lien on corporate assets, for tho benefit of tho plaintiff alone, a receiver appointed in such a case is a common-law receiver, like all receivers in creditors' actions against individual debtors.
*365 A receiver in foreclosure of a corporate mortgage, though the mortgage cover all the property and franchises, is a common-law receiver. U. S. Trust Co. v. N. Y. West Shore, &c. R. R. Co., 101 N. Y. 478, 483.
In this case the court hold that the power of a court of chancery to appoint a receiver pendente lite, in foreclosure cases, is a part of its incidental jurisdiction, not depending upon any statute, and which it exercises whenever, by reason of the insufficiency of the security or other reason, equity requires that the rents and profits of the mortgaged property pending the litigation, should bo impounded and retained to be applied upon the debt to be ascertained by the final judgment. This jurisdiction is not affected by the character of the mortgagor, whether an individual or a corporation. It vests quite independent of the character of the parties to the instrument, or the nature of the mortgaged property. Ib.
Foreign corporations. The receivership in these cases is either ancillary to the receivership appointed in the foreign jurisdiction ; or it rests on the general principle that equity may appoint a receiver of property having no legal custodian within the jurisdiction for the sake of its preservation for those to whom it belongs (Woerishoffer v. North River Cons. Co., 6 Civ. Pro. R. (Browne), 113) ; or upon the provisions of Code Civ. Pro. art. 5. See Mr. Throop’s note to § 1804.
In either case the receiver seems to be a common-law receiver.
See also under Joint Stock Associations (below).
Insurance companies. Fire. 2 R. S. (7 ed.) 1482, 1485.
— Life, health and casualty. 2 R. S. (7 ed.) pp. 1501, 1509.
— Marine. 2 R. S. (7 ed.) pp. 1467, 1471.
The l'eccivers under these statutes (2 R. S. 7 ed.) might be deemed common-law 2‘cceivers, for aught that appears in the statute respectively, although special duties and powers are given by the statute. But by the general provisions of Code Civ. Pro. § 1708, as a2nended in 1882 (c. 399), a permanent receiver in such case is a statutory receive:-, and the court may in effect make a temporary 2-eceiver a statutory 2-cceivcr. Code Civ. Pro. § 1789.
A receiver of the assets of an insolvent life insurance company, appointed under L. 1853, c. 463, § 17, so far as relates to Ms conduct, the distribution of the assets, or any of the proceedings subsequent to Kis appointment, is governed by the provisions of the Revised Statutes in relatio:i to co:-porations, and by the practice of coui-ts of equity. People v. Security L. Ins. & Ann. Co., 7 Abb. N. C. 198; S. C., less fully, 78 N. Y. 114.
Joint stock associations. As to whether these arc corporations, see Const. of 1846, art. VIII. §§ 1-3.
*366 The restrictions of Code Civ. Pro. § 1810, as well as the similar restrictions on injunctions and suspension of officers, are made by § 1812 applicable to joint stock associations, and to corporations and joint stock associations of other jurisdictions doing business.or having agencies within the State.
Library companies. A receiver is a common-law receiver, because these corporations are excepted from the general rule. Code Civ. Pro. §§ 1804, 2431.
Moneyed' corporations other than banks and insurance companies. In the case of moneyed corporations other than hanks, institutions for savings and insurance companies, a receiver may be appointed at suit of the attorney-general, who (upon suggestion of the Superintendent, of the Banking department) is authorized by 1 L. 1882, c. 409, p. 664, § 223, “ to institute such proceedings against any such corporation aó now or may hereafter Be provided by law in the case of insolvent corporations,- or such other proceedings as the nature of the case may require.”
The first of these two clauses includes the provisions of the Code of Civil Procedure, and the receiver appointed thereunder would be a statutory receiver.
By its terms this clause of 1 L. 1882, p. 664, c. 409, § 223, is applicable to every trust, loan, mortgage, security, guarantee or indemnity company or association, and every corporation or association having the power and receiving money on deposit, existing or incorporated under any law of this State, or any corporation or association not incorporated under the laws of this State which receives deposits of money, or assumes obligations in this State (other than banks, institutions for savings and insurance companies).
Municipal corporations. These are excepted from the statutory power to appoint a receiver. Code Civ. Pro. § 1804.
Partnership. A receiver appointed in a partnership case pendente lite is a common-law receiver, having- only the power conferred upon him by the order of his appointment. Fincke v. Funke, 25 Hun, 616.
Plank ' roads and turnpike companies. For special provisions of law as to the dissolution of plank roads and turnpike companies, and enforcing the individual liability of stockholders therein, see 1 R. S. (7 ed.) 488, 507, 514, 515; Code Civ. Pro. § 1796; 2 R. S. (7 ed.) 1327, 1336, 1337, 1345, 1348, 1351, 1352, 1353.
Pailroad companies. As to cesser of corporate existence, see L. 1850, c. 140, § 47, as am’d by L. 1864, c. 582, and L. 1867, c. 775 ; 2 R. S. (7 ed.) 1571.
Religious corporations. These being excepted from the provisions of the Code -of Civil Procedure as- to Judicial Supervision, Sequestration, Dissolution by Suit, Forfeiture, Revocation of Charter (Code Civ. *367 Pro. § 1804), and Voluntary Dissolution (Id. § 2431) ; a receiver if appointed, is a common-law receiver. And the Acts of 1875 and 1876, giving equity jurisdiction to prevent perversions, confirm this view.
But there are several statutes authorizing denominational authorities to take the property of an extinct religious corporation. See, also, under corporations generally (above).
Savings banks. A receiver under 1 L. 1882, c. 409, § 278 (appointed on the application of the attorney-general;, has power by the terms of the statute to convert the assets into money, and make distribution, which with Code Civ. Pro. § 1789, seems to make him a statutory receiver.
Skating rinks. As to cesser of corporate existence, see L. 1861, c. 149.
Trustees appointed to succeed assignees of insurance companies.
The powers and duties of statutory receivers are imposed (L. 1854, c. 224), on the persons appointed by the court to execute the trust of assignees of insurance companies or corporations for the benefit of all its creditors, whenever the trust shall from any cause have become vested in the supreme court.
III. Gases on the Title, Powers and Duties of a Statutory Deceiver.
Title of Deceiver. A receiver appointed under 2 R. S. 464, § 41, in a stockholder’s action to wind up the affairs of an insurance corporation on the ground of a violation of its charter, unless his powers are restricted by the order appointing him, is absolutely vested with all the property and effects of the corporation, and has full power to sell and dispose of the same, and to settle its affairs. It is not a common-law receivership to protect the fund pending litigation; but the receiver is a statutory assignee, vested with nearly all the powers and autho:ity of the assignee of an insolvent debtor. (1831) Verplanck v. Mercantile Ins. Co. of N. Y., 2 Paige, 438.
A receiver of a domestic insurance company, appointed under 2 R. S. 463, § 41, is entitled to recover upon notes which were among its assets, made by a resident of another State, but payable in this, though after the appointment of the receiver the debt due upon the notes was attached in the foreign Stale by a creditor of the corporation. Osgood v. Maguire, 61 N. Y. 524; aff'g 61 Barb. 54.
An unpaid stock subscription passes to the receiver of a corporation in sequestration proceedings, and may be sold by him. (1881) Dean v. Biggs, 25 Hun, 122.
The exclusive right of a corporation to manufacture under a patent held by it, passes to its receiver, and a party manufacturing *368 under the subsequent license of the company, may ho punished for a contempt of court in interfering with the possession of the receiver. (1877) Matter of Woven Tape Skirt Co., 12 Hun, 111.
By a decree dissolving an insurance corporation in an action by the attorney-general, and appointing a receiver of its assets, the receiver becomes vested with the title to all its property, and may sue to set aside a void agreement- of the corporation, and have a stay of, a pending action for the same cause by a creditor seeking to reach assets transferred thereunder. Attorney General v. Guardian Life Ins. Co., 77 N. Y. 272.
The receiver of a manufacturing corporation appointed in a judgment creditor’s action against it, with all the powers and authority conferred on receivers, as provided in 2 R. S. 469, § 67, 68, becomes vested with absolute title to all'its property, and a judgment creditor cannot take it on execution. (1874) Chapman v. Douglas, 5 Daly, 244.
The title of a receiver appointed in proceedings for voluntary dissolution vests only on filing bond, and a creditor may obtain a lien by judgment or attachment between the time of the receiver’s appointment and filing .bond. The receiver is a statutory receiver, and the court cannot make an order vesting title in him before the bond is filed as required by statute. (1876) Chamberlain v. Rochester Seamless Paper Vessel Co., 7 Hun, 557.
A receiver of a banking corporation, appointed under 2 R. S. 464, §§ 41, 42, upon the application of the bank commissioners, becomes vested with the title to the effects and things in action of the corporation without any assignment, and may sue for a tort committed before his appointment. (1847) Gillet v. Fairchild, 4 Den. 80.
Whom receiver represents. The receiver of an insolvent corporation represents both the creditors and stockholders, and may assert their rights when affected by the fraudulent or illegal acts of the institution. He may therefore sue to reclaim securities illegally transferred by the bank of which he is receiver, in violation of the statute (1 R. S. 589) “to prevent the insolvency of moneyed corporations and to secure the rights of creditors.” Gillet v. Moody 3 N. Y. 479; Talmage v. Pell, 7 N. Y. 328. He may sue to recover back capital of an insolvent insurance company distributed among its stockholders ás dividends. Osgood v. Laytin, 3 Abb. Ct. App. Dec. 418 ; aff’g 48 Barb. 463.
A receiver under 2 R. S. 463, 464, §§ 39-41, represents only the corporation as to his title and the defences available to him; so that under the act of 1850, c. 172,—prohibiting corporations from setting up the defence of usury,—he cannot interpose that defence; and this, though the loan was effected and the defence “interposed” before the passage of the act. That act is a virtual repeal of the usury laws of *369 this State so far as corporations are concerned, and retrospective in its operation. (1857) Curtis v. Leavitt, 15 N. Y. 9, 296. Compare Butterworth v. O’Brien, 28 Barb. 187 ; s. c., 7 Abb. Pr. 456; 16 How. Pr. 503; Hungerford’s Bank v. Potsdam & Watertown R. R. Co., 10 Abb. Pr. 24.
The receiver of an insolvent insurance company represents not only the company, but ho stands as a trustee of its funds for all its creditors. He therefore has a right to appear before the referee, file exceptions to his report, or appeal from any order or decree made at any stage of the proceedings affecting the funds in his charge. Re Atty. Genl. v. N. Am. L. Ins. Co., 82 N. Y. 172.
The receiver of a corporation becomes under the statute (3 R. S. 763, § 44) a'trustee not only for the creditor upon whose application he was appointed, but for all the other creditors of the. corporation. Libby v. Rosekrans, 55 Barb. 202.
But the receiver of an insolvent corporation appointed in a creditor’s sequestration proceeding is a trustee for bona fide creditors only, and when it appears that a claim asserted is in fact fraudulent and void as to such creditors, his duty is to administer the assets, in such manner that' the fraudulent indebtedness will have no share in. the distribution. A creditor may show that the judgment against the corporation under which the sequestration proceedings, were had. was fraudulent and void, notwithstanding the denial of a motion on behalf of the corporation to vacate the judgment as fraudulent, and, although the defence of fraud was interposed in the-sequestration proceedings, if that issue was not in fact litigated. McParland v. Bain, 26 Hun, 38.
Powers and duties. The receiver of an insolvent; corporation,cannot contest the validity of a transfer of stock not entered,on. the books, where the corporation could not do so by reaaont.of.its .recognition of the transferees as the owners of the stock. Cutting v. Damerel, 88 N. Y. 410; rev’g 23 Hun, 389.
A receiver is subject to all the rights and. equities existing against the company. He takes the plaee of the company, and stands as the representative of the company. The defence of the diversion of a note in favor of the corporation from the purpose.for which it was given, is available to the maker in an action thereon by the receiver to the same extent as in an action by the corporation. (1861) Bell v. Shibley, 33 Barb. 610.
The receiver of an insolvent banking association has no greater rights than the corporation, but may file a bill to set aside a void trust deed of the corporation, and recover possession of the property *370 assigned. (1843) Leavitt v. Yates, 4 Edw. 134, 177; Leavitt v. Palmer, 3 N. Y. 19.
The receiver of an insolvent corporation cannot impeach or dis-affirm the lawful and authorized acts of tho corporation. (1850) Hyde v. Lynde, 4 N. Y. 387, 302.
Á receiver of a banking company, appointed under 2 R. S. 464, §§ 40-42, in an action commenced in chancery and continued in the •supreme court in equity, has the powers, and is subject to tlic obligations and duties declared in 2 R. S. 469, § 68 ; but a rule appointing referees, to which such receiver gives bis assent, should be entered in ¡the court of equity by which he was appointed, and any appeal from ¡the referee’s decision is to be heard there also. (1855) Tracy v. Talmadge, 1 Abb. Pr. 460.
Receivers appointed under 2 R. S. 464, § 41, are bound to allow ■all claims against tho corporation which they aro satisfied aro legal and just, but should reject all claims not recoverable against the corporation in .law o.r in .equity. If tho receivers disallow a claim, and referees are appointed, stockholders have a right to insist that the defense ibe .continued so long as tho receivers aro of opinion that it can he .made effectual. The receivers may permit stockholders to manage the ■defense, but it must be made under the direction of the receivers. Attorney General v. Life & Fire Ins. Co., 4 Paige, 224.
The receiver of an insolvent moneyed corporation has all the ;pow,ers and authority conferred by law upon the trustees of insolvent ¡debtors, and is subject to all the duties and obligations imposed upon .them. 2 R. S. 469, §§ 68, 74; L. 1849, c. 25, § 11. He has the power :to set off mutual debts and pay or receive the balance. (1861) Matter of Van Allen, 37 Barb. 225.
If the receiver of an insolvent hank has power under the statute to •.allow a set oft, such power docs not extend to a case where no mutual .debts existed at the date of his appointment and a demand has been ¡afterwards assigned to effect such purpose. Van Dyck v. McQuade, 85 N. Y. 616, aff'g 20 Hun, 262.
The receiver of an insurance company appointed under 2 R. S. 464, § 42, being a statutory receiver, may maintain suit in his own name to collect unpaid subscriptions to the capital stock. (1841) Nathan v. Whitlock, 9 Paige, 152; aff’g 3 Edw. 215.
An action to set aside and vacate a judgment against a corporation, on the ground that it was obtained without consideration, by collusion with the officers of the corporation and in fraud of creditors, may properly bo brought in the name of and by a receiver of the corporation. Whittlesey v. Delaney, 73 N. Y. 571.
Stockholders who have paid for their stock, have a right to insist *371 that the receiver shall collect the unpaid capital, so as to equalize the burden of the loss. (1841) Nathan v. Whitlock, 9 Paige, 152; aff’g, 3 Edw. 215.
As to when the court will not direct the receiver of an insurance company to continue the business as to outstanding policies as provided in L. 1869, c. 902, §§ 8, 9, 10,—see Attorney General v. Atlantic Mut. Life Ins. Co., 15 Hun, 84.
The receiver of an insolvent life insurance company, appointed in an action by a creditor and stockholder, has no authority to take the securities deposited with the superintendent of insurance. Ruggles v. Chapman, 59 N. Y. 163; aff’g 1 Hun, 324. Sec 2 T. & C. 600; People ex rel. v. Chapman, 64 N. Y. 557 ; Matter of Guardian Mut. L. Ins. Co., 13 Hun, 115 ; aff’d in 74 N. Y 617.
But the proceeds are assets in his hands. Attorney-General v. N. Am. L. Ins. Co., 89 N. Y. 94, modifying 26 Hun, 294; Attorney-General v. N. Am. L. Ins. Co., 80 N. Y. 152, 155; distinguishing 59 N. Y. 163.
The receiver of corporate assets, though he may be appointed in a suit brought by a single creditor or stockholder, takes the whole estate for the benefit of all its creditors, and before distribution opportunity is to be given to all to come in. Rinn v. Astor F. Ins. Co., 59 N. Y. 143.
For other cases on statute defining receivers powers, see 3 Abb. N. Y. Dig. new ed. 723. See note on Receiver’s Certificates, post, p.-.
Entering judgment on report. Austin v. Rawdon, 42 N. Y. 155.
IV. Instructing Receivers (common law or statutory), including examination of a Claimant Interesse suo.
The act of Congress of March 3,1887, provides in § 2, “ That whenever in any cause pending in any court of the United States, there shall be a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the State in which such property shall be situated, in the same manner the owner or possessor thereof would be bound to do if in possession thereof. Any receiver, or manager who shall willfully violate the provisions of this section shall be deemed' guilty of a misdemeanor, and shall on conviction, thereof be punished by a fine not exceeding three thousand dollars, or by imprisonment not exceeding one year, or by both said punishments in the discretion of the court.”
A stay, pending appeal from a final decree, does not preclude the court from giving to a receiver appointed by interlocutory decree, instructions in reference to the preservation of property in his charge, and *372 the expenditure therefor of funds in his hands. Grant v. Phœnix Mut. Life Ins. Co., 105 U. S. 121.
Mode of seeking instructions. It is in general in the discretion of the court, whether to determine a question as to the right,and duty of a receiver on petition or motion, or leave the parties to an action.
In the recent case of Davis v. Michelbacher ( Wisc. 1887), 31 Northwestern Rep. 169, the court, in an opinion by Lyon, J., approve Mr. High’s statement of the rule, as follows: “ The more common practice, and that which has been generally commended by the courts, is to hear and determine the rights of action and demands against a receiver by petition in the cause in which he was appointed, without remitting the parties to a new and independent suit; and it rests wholly within the discretion of the court to grant leave to bring an independent action against its receiver, or to determine the controversy upon petition in the original cause, directing, if necessary, ah issue to be tried by a jury as to questions of fact or of damage.....So, if the equitable right or title is asserted in property which is in the custody of a receiver, the court will not ordinarily permit an action to be brought against him, but will require the claimant to proceed by petition; and persons having a claim or lien upon a fund in a receiver’s hands should assert claim by petition, rather than by an action against the receiver.” Section 2545. This, adds the court, is undoubtedly a correct statenrent of the rules of practice in this behalf which now prevail, and they say:
“ It rests, therefore, in the discretion of the court to allow a party claiming rights against its receiver to bring an independent action against him, or to compel such party to proceed against him by petition in the action in which he is receiver. With the exercise of such discretion this court cannot interfere on appeal, unless tjiere has been a manifest abuse of it. In the present case, if the appellants can obtain the same relief against the receiver by petition in the action in which the receiver was appointed that they seek in the creditors’ suit, it certainly was no abuse of discretion to deny the petition for leave to sue the receiver in the latter suit.”
On the question as to what cases furnish proper ground for relief on motion, and what for separate action, see 1 Abb. New Pr. p. 109.
Substantial-rights the same in either mode. It can make no difference in the principles which govern the distribution of the fund as to whether the facts upon which it is based appear to the court by affidavit and upon a motion, or through the medium of evidence and findings of the court upon a trial of an action between the parties interested. Woodruft v. Erie R. Co., 93 N. Y. 609, 620 ; rev’g 25 Hun, 246.
Leave to sue. Applications for leave to sue receivers, or that receivers may sue, are treated in 1 Abb. New Practice, p. 576,
*373 A cause of action against a corporation for a breach of contract, accruing prior to the appointment of a receiver pendente lite in an action to dissolve the corporation, cannot be enforced against the receiver until the corporation is adjudged dissolved. [Citing Knauer v. Globe Mut. Life Ins. Co., 46 Super. Ct. (J. & S.) 370.] (1883) Fleischauer v. Dittenhoefer, 49 Super. Ct. (J. & S.) 311.
By the Act of Congress of March 3, 1887, it is provided in section 8, “ that every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed ; but such suit shall be subject to the general' equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice.”
As to leave to sue in a foreign jurisdiction,—see 22 Am. L. Reg. 289; 7 South. L. Rev. 233.
Form of action. It seems that an order or injunction against a receiver, made in an action brought against him personalty and not as receiver, and not in terms in any way purporting to affect him in his official character, has no force or bearing upon him in the latter capacity. (Sp. T. 1833) Eddy v. Co-operative Dress Assoc’n, 3 Civ. Pro. R. (Browne), 434.
In what action to apply. A receiver cannot be compelled to pay over money in an action in which he naG not appointed and to which he is not a party. In an action against a oank for a deposit, an order requiring a receiver appointed in another action to pay to the defendant a sum that had been paid to the receiver by the defendant under an order made in the action in which the receiver was appointed,—' Held, erroneous. (1883) Galster v. Syracuse Savings B’k, 29 Hun, 594.
A receiver may apply in another action to which he is not a party for relief against an order made therein, if it injuriously affects the discharge of his duties. Whitney v. N. Y. & Atlantic R. R. Co., 32 Hun, 164; s. c., 5 Civ. Pro. R. 118. (Receiver in foreclosure entitled to move in creditor’s action for relief against orders therein impeding his ' success in his duties in the cause in which he was appointed.)
Compare Andrews v. Paschen (Wisc. 1886) 30 Northwestern Rep. 712. Here; after the appointment of a receiver, and before his qualification, in an action for the dissolution of a corporation, the property of the corporation was attached by a creditor. The receiver obtained rule on the sheriff to show cause why this attachment should not be set aside. The rule was discharged, and from this order the receiver appealed. Held, that the rule was a summary proceeding in the" action for the dissolution of the corporation, to which neither receiver, *374 sheriff, nor attaching creditor was a party; that the rights of the attaching creditor could not be effectually protected in such a proceeding, and therefore the rule was properly discharged.
■ Notice. A third person having a contract with a-receiver has a right to notice of his application for instructions modifying his duty in performance. Mooney v. British Commercial Life Ins. Co., 9 Abb. Pr. N. S. 103.
In all actions for the- sequestration or for dissolution and distribution of corporate assets, the attorney-general must have notice. L. 1883, p. 378, c. 558.
Where to apply. Where a receiver has been appointed in pro- _ ceedings had for the compulsory dissolution of a corporation under 2 R. S. 462, an application to determine the right of a person ,t;o share in the assets, must be made in the district in which the receiver was appointed. (1874) Rinn v. Astor Fire Ins. Co., 59 N. Y. 143, 145.
In actions to sequestrate the assets of a corporation or for dissolution and distribution, all applications must be made in the judicial district where the principal office of the. insolvent corporation was located, and copies of all motions, etc., must‘be served on the attorney general. L. 1883, p. 558, c. 378.
An action to dissolve and sequestrate the property of an insolvent corporation was brought in New York County, and a receiver was appointed therein.—Held, that a creditor seeking to establish a right to share in the distribution of the funds in the hands of the receiver, must make his application in the suit in which the receiver had been appointed (i. e.; in N. Y. Co.), and therefore the attempt of a judgment creditor to move for an order in his own action against the corporation (brought in Monroe county) to compel payment of his claim by the receiver was irregular. Rinn v. Astor Fire Ins. Co., 59 N. Y. 143 ; reversing a decision of General Term, which had in turn reversed an order of Special Term (Monroe Co.) denying such a motion.
Conflict between receiver and sheriff. A receiver who takes possession of goods on which the sheriff had levied an execution prior to the receiver’s appointment, is bound to account to the sheriff therefor; and the motion of the execution creditor and sherifffor an order requiring him to pay to the sheriff the proceeds, so far as necessary to satisfy the execution, should be granted. [Following case of North American Gutta-Percha Co., 9 Abb. Pr., 79; and disapproving Rutter v. Tallis, 5 Sandf., 610.] (Sp. T. 1859) Rich v. Loutrel, 9 Abb. Pr. 356; s. c., 18 How. Pr. 121.
Where sheriff claimed property under an attachment and execution levied against G., and the receiver of the estate of the former partner of G. demanded it as part of the estate which had been used by the sur *375 viving partner in the firm business, it rvas stipulated, by the parties, that-the goods should be sold by the receiver, and that sufficient of the proceeds to satisfy the execution and sheriffs fees should be held by the receiver subject to the lien of the levy, if such were shown to exist.—Held, 1. That, under the circumstances, the levy of the execution gave the sheriff a valid lien, which he could have enforced by sale.-2. That the proceeds in the receiver’s hands represented the goods so Icyied on. 3 That the court might, on motion, order the receiver to pay the judgment. (1877) Hooley v. Gieve, 7 Abb. N. C. 271; affi'd, it seems, in 73 N. Y. 599, without opinion. Compare Andrews v. Paschen, 67 Wisc. 413; s. c., 30 Northwestern Rep. 712.
— or other persons. Where property in the possession of a receiver is claimed by a third person, the proper course for the latter is, to apply to the court which appointed the receiver for an order to pay or deliver it over to the party to whom it rightfully belongs. N. Y. Com. Pl, 1860 Riggs v. Whitney, 15 Abb. Pr. 388.
The court may, by order in the nature of an interlocutory decree, direct its receiver in the action to surrrender property in his possession, as such receiver, to some of the parties in the action, to another receiver, or even to a third party claiming it. Supreme Ct., 1870, People v. Church, 2 Lans. 459; s. c., as People v. Albany & Susquehanna R. R. Co., 57 Barb. 204; affi'g, 8 Abb. Pr. N. S. 122.
Where a receiver had, without specific direction by the referee, taken goods apparently in the debtor’s possession, hut which were claimed by one not a party to the suit, he was ordered to restore them, on the claimant's undertaking to hold them subject to the order of (he court, and a reference as to the title was directed. Dickerson v. Van Tine, 1 Sandf. 724.
In an action to set aside conveyances of land as fraudulent, after an interlocutory judgment directing a reconveyance to plaintiff, subject, however, to equitable liens in favor of defendant, the court has power to direct a receiver, appointed by consent, to pay over the rents collected to plaintiff upon proper terms. [1876] Platt v. Platt, 66 N. Y. 360.
In Pollock v. Sunbury, &c. R. R. Co., 2 Weekly Notes Cases, 182, on an application to vacate the appointment of a receiver or allow the execution of a lien creditor to proceed, it was “ Ordei'ed that the receiver pay the execution in sixty days, or that the lien creditor have leave to file a petition then to sell the railroad and its property.”
In Atty. Gen. v. Coventry, 1 P. Wms. 306, an order was made granting leave to destrain for rent at law, with a provision that no lease or estate devised under the sequestrators, should be made use of in evidence against the claimant of the fee-farm rent to prevent the distress.
*376 Bents due. Where a corporation entered into a lease, and after-wards passed into the hands of a receiver who surrendered possession, but the lessors refused to accept the surrender and petitioned for an order directing him to pay rent in accordance with the covenants of the lease, and there were sufficient assets to pay all debts,—Held, not «necessary to decide whether the petitioners had the right to have their claim enforced by a peremptory order for the full amount, without regard to other creditors’ claims, as, if they prove their claim, they are entitled to payment, and it is error to deny their petition. It is immaterial that the receiver may have assumed liability in regard to the lease. (1880) People v. National Trust Co., 82 N. Y. 283.
Compare on this subject, Gaither v. Stockbridge (Md. 1887), 8 Centr. Rep. 789, and comments in N. Y. Daily Reg. Sept. 21 and 23, 1887.
A receiver of the estate of a deceased person, who is invested with all the real and personal property.of the estate, and who enters into the possession of real property under a lease executed to decedent, becomes liable as receiver tor the rent, of such property, and must p;iy it out of any funds of the estate which may be in his hands, whether derived from the real or personal property. (Sup'm. Ct. 1884) Moore v. Higgins, 20 Weekly Dig. 123; s. c., in full, N. Y. Daily Reg. Jan. 9, 1885.
The fact that such receiver has been discharged by an order obtained without notice to the plaintiff in a suit against him pending at the time of such discharge is no defense to such suit. Ib.
Pledges and liens. The receiver of an insolvent firm is not obliged to redeem the stock which the firm had pledged, by paying the debts secured by such pledge. Nor would he have any right to do this at the risk of loss to the general creditors, and for the benefit of the customers whose stock had been pledged. (Sp. T. 1878) Chamberlain v. Greenleaf, 4 Abb. N. C. 178.
Where such a receiver has not the possession or control of the stock, a tender, made to him by a purchaser, does not impose any special duty on the receiver to redeem the stock. Ib.
As to ordering the discharge of liens, see Hubbard v. Guild, 2 Duer, 685, and Re Ingraham, 2 Barb. Ch. 35.
Performance of receiver's contract. A receiver of a railroad who has . become bound to pay upon a contract for supplies made with the sanction of the court, should be required to pay according to the contract, without reference to the question whether such payment would prove injurious to the proper management of the road by him. (Sp. T. 1878) Matter of U. S. Rolling Stock Co., 57 How. Pr. 16.
*377 Compare as to how far the contract of a receiver is binding on his successor in office, Lehigh Coal & Nav. Co. v. Central R. R. Co., 41 N. J. Eq. 167.
Mortgaging. A receiver holding real property may be authorized by the court to mortgage it if necessary,'—as tor instance, to redeem it from tax sales, even though it be held in a trust which does not provide for selling or mortgaging. Burroughs v. Gaither, 66 Md. 171; s. c., 6 Eastern Rep. 117. The court say: “ When the court, therefore, upon assuming control of the trust, found that all this large real estate had been sold for taxes for a sum merely nominal in comparison with its value, and that the title to it was about to pass to strangers, the effect of which would be to break up the trust, it became its duty to act at once for the benefit of the cestuis gue trust, most of whom were then minors, and take advantage of. the privilege of redemption secured by the tax laws. Under such circumstances, and where there was no other means of raising the necessary funds, we are of opinion that the court had the power to sell or mortgage a part in order to rescue the whole, or as much of .it as possible from this impending vis major. It was a power derived from the necessity of the case, and one which every prudent owner would use if he found his property in such a dangerous position.
“These cestuis gue trust were the equitable owners of the property, and a court of equity was managing it. in their interest and for their benefit, and in such an emergency, and for such a purpose, we think the court was clothed with all the powers of absolute ownership. The court, thus having the power, could unquestionably exercise it as well through the agency of the receivers as of trustee. Authority was expressly given, and the receivers borrowed the money by means of this mortgage, and applied it just in time to prevent the tax title from becoming absolute and indefeasible.”
So held, although no notice was given to the parties in interest of the application, this being excused by the shortness of the time.
Granting right of way. A receiver of a railroad corporation must apply for leave to grant to another company the privilege of crossing the tracks of the company he represents, especially at a different grade. Howlett v. N. Y., West Shore, &c. R. R. Co., 14 Abb. N. C. 328.
Waiving forfeiture. The'receiver of afire insurance company has the same light as the company had to consent to a continuation of a policy avoided by the death of the assured. Matter of Hine v. Homestead F. I. Co., 29 Hun, 84, 85.
. Petition to reach specific fund not properly part of the assets. For the principles upon which such applications are determined, see Matter of Le Blanc, 4 Abb. N. C. 221; aff’d without opinion in 75 *378 N. Y. 598 ; People v. City Bank of Rochester, 96 N. Y. 32, 33 ; Butler v. Sprague, 66 Id. 392 ; People v. Mechanics’ Savings Inst., 92 Id. 7; rev’g 28 Hun, 375.
Safes. A contract of sale by a receiver of an insolvent insurance company is, while executory, subject to the supervisory power of tho court, which may sanction or disapprove it. If the sale appears to ho inequitable, the court rvill refuse to direct the receiver to complete it. So held, where the purchaser had information of acts unknown to tho receiver which greatly increased Iho value of the property. (1883) Attorney-General v. Continental Life Ins. Co., 94 N. Y. 199.
Where a receiver, appointed in an action against a corporation, fraudulently obtains an order for a sale of a debt due the corporation, an equitable action at the suit of the creditor will lie, to vacate the order and set aside the sale. (1875) Hackley v. Draper, 60 N. Y. 88 ; aff'g 2 Hun 523; S. C., 4 Sup’m. Ct. (T. & C.) 614.
— and conveyance. Receivers of an insolvent corporation, appointed in New Jersey in a judgment creditor’s action, nndcr a statute giving them power “ to sell, convey, and assign all the said real and personal estate ” of the company, have power to assign a debt due to tho company, and although the title to its property is not vested in them, they may act in their own name; they need not assign the debt in the name of the corporation or use the corporate seal. And the assignee takes a title to the debt which he may enforce in the courts of this state. (1851) Hoyt v. Thompson, 5 N. Y. 320; rev'g 3 Sandf. 416.
The court have power to sanction a confirmation deed, to correct a mistake in the receiver’s first conveyance.
S. P., Coleman v. Manhattan Beach Co., 94 N. Y. 230, 234 (case of an assignee in bankruptcy acting under direction of court of bankruptcy).
Payments and distribution. Where money is paid to a receiver, and he receives it unqualifiedly, in such official capacity, he cannot (without order of that court, as an officer of which he received it) part with it. If paid to him under a mistake, the court can alone order it to be refunded. An action does not lie. (Sp. T. 1864) Getty v. Campbell, 2 Robt. 664.
A receiver should not pay over moneys without order of the court; and the court will not order a distribution until he has accounted. (Sp. T. , 1868) Duffy v. Casey, 7 Robt. 79.
The creditor of a party to a partition suit is not entitled to an order directing that a receiver of tho rents and profits, who has been appointed pendente lite, pay the creditor’s demand out of the share of rents and profits which the receiver has been directed to pay to the debtor. The appointment of a receiver in such case is only justified "by necessity ; *379 and the remedy of such creditors is to cause the partition to be pressed to judgment. (1880) Verplanck v Verplanck, 22 Hun, 104.
When judgment creditors have acquired a lien upon a fund in a receiver’s hands, the court will not, on their petition, order the receiver to satisfy the judgment, until a decree has been made hi the action in which he was appointed, and notice has been given to all creditors interested in the fund. But, in order to protect petitioners, the receiver will be forbidden to make any payments out of the fund without notice to petitioners, and allowing them to institute such action as may he advised. (1853) Hubbard v. Guild, 2 Duer, 685.
If the receiver claims a set-off less than the claim, pajrment may be ordered, reserving enough to answer the set-off, the amount of which may be subsequently determined. (N. Y., 1886) Vanderbilt v. N. J. Central R. R. Co., 2 Centr. Rep. 228.
Where an agent was employed by the receiver to assist him in the duties of his trust, and it was agreed/that the value of such services should be deducted from a claim which the estate held against the agent, the amount due for services constitutes an equitable set-off. Davis v. Stover, 16 Abb. Pr. N. S. 225.
The receiver of a factor who made advances to his consignor in the form of notes and acceptances, must apply the proceeds derived from the sale of the consigned goods, which have been kept distinct, in payment of such notes and acceptances pro rata. Francklyn v. Sprague, 10 Hun, 589.
An application to vacate the orders of the court distributing partnership funds in the hands of a receiver, on the ground that the distribution was fraudulent and unauthorized, necessarily implies an application, where justice so demands, that the applicant be made a party and amendments' be made in the proceedings and pleadings. (1875) Scheuck v. Ingraham, 5 Hun, 397.
Application for examination interesse suo. The remedy of a receiver of the rents and profits of sequestered real estate, against an adverse claim to such rents and profits, is by an order for an examination of the claimant, pro interesse suo, and such proceedings thereon as would lead to an adjudication of the rights of the parties. [Citing cases.] (1887) Foster v. Townshend, 2 Abb N. C. 29; S. C., less fully, 68 N. Y. 203; rev’g 6 Daly, 136; overruling, in part, S. C., 12 Abb. Pr. N. S. 469.
[The court having power under the now procedure to refer a motion, and the parties to the reference having the right to testify and to compel each other to testily, a formal direction for such an examination is not necessary.]
A petition by the claimant must set out his title ; for an examina *380 tion pro interesse, from its very nature, requires a statement of the charge or case of the party to be examined, as otherwise it would be impossible for the adversary to know how to point the interrogatories. Brien v. Paul, 3 Tenn. Ch. 357.
-— consent. In Kaye v. Cunningham, 5 Mad. 406, upon motion to restrain a party from proceeding at law against a sequestrator in possession, under an order of court, and that tho party might be examined pro interesse suo, the Vice-Chancellor said: “The court will not x permit its officer to be drawn into a litigation which it cannot control; but it. has no authority to compel a party to be examined pro interesse suo. Such an order can only be made upon the application of the' party, ór by his consent'.”
In Bird v. Littlehales, 3 Swanst. 299, n., a sequestration having issued for the non-performance of a decree, on a motion for a writ of assistance, it being alleged by the defendant that he had assigned the house and goods for a valuable consideration to a third person, it was ordered that said third person come in to be examined pro interesse suo, unless he show cause to the contrary.
In Parker v. Browning, 8 Paige, 388, 391, it is said: “Where the property is legally and properly in the possession of the receiver, it is the duty of the- court to protect that possession, not only against acts of violence, but also against suits at law; so that a third person, claiming the same, may be compelled to come in and ask to be examined pro interesse suo, if he wishes to test the justice of such claim.” Affirming (with slight modification) an order authorizing certain third persons to bring an action against the receiver for" trespass in forcibly entering their store and removing goods therefrom, claiming them as goods of the defendant.
The court may at any time, either with or without tho consent of the receiver, in order to save litigation and expense, compel the settlement of claims, and order reference to ascertain the same. Guardian Sav. Bk. v. Bowling Green Sav. Inst., 65 Barb. 275.
In Seton on Dec. p. 1220, it is said that the current run of cases is not in favor of the above decision in Kaye v. Cunningham, 5 Mad. 406, holding that an order for the examination of a party pro intefesse suo can only be made upon his application, or by his consent.
— the practice. Hunt v. Priest, 2 Dick. 540. “ A party claiming an interest in estates sequestered, or in the hands of a receiver, an order is obtained upon notice of motion, to come in, ánd be examined pro interesse suo, wherein a time is to be limited for filing interrogatories. After the examination the other side hath liberty to. examine witnesses, to falsify the examination, and a commission of course issues, if necessary, wherein the claimant may join if he thinks fit; and the *381 commission (if any) is returned. Publication passeth by order. Then an order is made to refer it to the master, to look into the examination and depositions, and to certify whether the claimant hath made out any, and what, interest in the premises, or in any and what part thereof. The report the master makes is set. down to be heard for directions; and the court pronounced a final order.”
Mode of proceeding ¡aid down by the Registrar of Chancery, Jon»? Dickens, upon request of Lord Chancellor Bathurst. A party having been examined under an order, pro interesse suo, he applied to have 1 the merits determined upon a petition, the above mode of proceeding was adhered to, and it was referred to the master, to see if the claimant had made out any, and what title to the premises claimed by him.
Lord Pelham v. Duchess of Newcastle, 3 Swanst. 289, 291, n. A motion was made by a third person claiming property which had- been sequestered as the property of the defendant, that she might come in and be examined as to the money pro interesse, but it was denied because the sequestrators had not made any return. Until they have, it cannot appear to the court what is sequestered. After their return, any one who claims a title to the thing sequestered, may move to have the same, and bo examined piro interesse.
Afterwards the same person moving by her guardian to be examined pro interesse suo, touching the money in the sequestrator’s hands, and other things sequestered, she was directed to put her suggestions ' into an order, and to specify what she claimed title to, and how, and that the sequestrator should give her a copy of the account on which the balance in his hands that was sequestered arose, to the end that she might the better know how to frame proper interrogatories. _ Lord Pelham v. Duchess of Newcastle, 3 Swanst. 289, 291, n.
—form of order. This form is given in Seton on Decrees: 11 Upon motion, etc., and hearing, etc., this court doth order, that the following inquiry be made, that is to say, an inquiry, whether the said A. B. hath any and what interest in the lands, tenements, etc. (describe the property), situate at •—, sequestered by O. W., etc., the sequestrators acting under the commission of sequestration issued in this cause, or any and what part thereof. And that this motion, etc., in the meantime stand over. Liberty to apply.” Seton on Decrees, p.°1220.
— possession and payment. Latham v. Parker, 1 Sm. & G. 506, 513. The defendant whose estate had been sequestered for contempt in not paying over certain trust moneys, had- previously to that suit, mort- * gaged his real estate to a bank. The bank having obtained upon petition, ex parte, the usual order to be examined pro interesse suo ; and after such examination before the chief clerk, he certified that the banking company were entitled to the estates as legal and equitable mortgagees, *382 and that the mortgage moneys and interest remained due to them. Now the bank presented a petition, praying “that they might be let into possession of the mortgaged hereditaments, and that the sequestration might be discharged as against them, and that the sequestrators might be ordered to pay over to them in part discharge of their debt, the rents in the sequestrators’ hands, after the payment of the costs.” The order was granted as prayed, the vice chancellor saying: “ When persons come to this court, as these mortgagors have done, and show 1 the court that they are and have been rightfully entitled to possession, which the sequestration has prevented them from obtaining, they, are entitled to the possession, and also to the rents received by the sequestrators.”
In Russell v. East Ang. Ry. Co., 3 McN. & G. 104, 118, the court say: “ In the present case it would have been perfectly open to the plaintiffs in the execution to have applied to this court to be heard pro interesse suo, or to have been heard on a summary application for leave to levy under their execution, notwithstanding the receivership ’’ (Dictum) — The point arose on an appeal from an order denying a motion to commit the sheriff for a levy made upon the property of a railroad company in the hands of a receiver. The order was reversed and the sheriff directed to withdraw from the possession of the property and pay the costs of the proceedings.
Rebuttal Rowley v. Ridley, 3 Swanst. 306, 308, n. Here, an order having been obtained for the examination of certain persons before the master pro interesse suo, it was now moved for leave to exhibit interrogatories before the master to falsify their examination; and it was so ordered without notice as of course.
Attorney-General v. The Mayor of Coventry, 3 Swanst. 312, n. A third person liad been examined before the master pro interesse, .and by his examination made a title to the thing in question ; instead of replying, the plaintiff excepted to the report.—Held, that the plaintiffs were concluded by the examination, not having replied to it (as they ought to have done, and put him upon the proof of it), as much as if they had set down a cause upon bill and answer. The rule seems to he the same in all examinations before a master.
— costs. " An application to compel a receiver to pay over is not a motion for purposes of costs, but a special proceeding. People v. City Bank of Rochester, 96 N. Y. 32.
James v. Dore, 2 Dick. 788. “ One, J. 0., claiming title to some lands taken under sequestration, she was ordered to he examined pro interesse suo, and was accordingly examined; but being unable through poverty, to make out and support her right, liberty was given to prosecute and make out her right in forma pauperis."